SEIBERT v. TODD.

1. Findings of fact by the Circuit Judge, overruling the Probate Judge, sustained.
2. A sale of land, and the application of the proceeds of such sale to the payment of a mortgage lien on the land, under decree of the United States Bankrupt Court, is substantially a foreclosure sale.
3. Where land is sold, during the husband's life-time, by decree of court for the satisfaction of a purchase money mortgage, the wife cannot, after her husband's death, claim dower in the land or in its surplus value at the time of sale over and above the mortgage debt.

Before Hudson, J., Laurens, February, 1889.

The appeal was from the following decree:

The defendant contends that the demandant is not entitled to dower in these parcels, because, during the life time of the husband, they were sold by order of the Court in Bankruptcy in foreclosure and extinguishment of these liens for the purchase money. The testimony of the assignee in bankruptcy, and the agreed upon statement of facts, accompany the case as sent up to

this court by the Probate Court, and it is needless that I should repeat the statement. The judge of probate decreed in favor of the claim of the demandant, holding that these lots of land were not sold in foreclosure of, and for the extinguishment of, the liens for the purchase money.

In this I think he is in error. The testimony of the assignee shows very clearly to my mind that he sold these lots of land under the decree of the Bankrupt Court, to satisfy the liens thereon, and to pay the other debts of the bankrupt, Robert Seibert. He says, in answer to cross interrogatories, that the most of the claims against the estate of the debtor were of record at Laurens Court House, and, of course, to them he applied the principal proceeds of sale. The land sold, according to his testimony, for about $5,300. He paid to the lien on the one hundred and forty-one acres about $1,700 or $1,900, to a lien on the buildings of the home place about $1,200, and to a lien on the 10 7-10 acre lot about $153.77, and various sums to costs, fees, and expenses. He mentions no other debts paid by him. He does not state for what amount the personal property was sold, but the conclusion to be drawn from his testimony is that it brought but little. From the entire evidence, I think there can be but one conclusion, and that is, that these liens were duly established in the Bankrupt Court against Robert Seibert, and that the land was sold by order of that court, divested of these liens, and the proceeds directed to be applied first to their extinguishment; all of which was done in the life-time of the debtor, the demandant's husband. Consequently, her right of dower was thereby defeated.

If a husband become seized of a tract of land encumbered with a judgment or a mortgage, and the land is sold by appropriate proceedings in satisfaction of said encumbrance, the right of dower is entirely defeated, if this is done in the life-time of the husband. If the sale should take place after the husband's death, and there should be a surplus, the widow is endowed only out of the surplus. So, likewise, a sale under a mortgage given for the purchase money, if made in the life-time of the husband, entirely defeats the claim of dower. If made after the husband's death, the widow will get dower only from the surplus. A sale under proceedings in bankruptcy, or a sale under a creditor's bill, in case of an

insolvent debtor, is, as to mortgaged premises, as much of a foreclosure as if a bill to foreclose were filed and prosecuted to judgment. The proceedings differ. but the legal effect is the same.

It is therefore ordered, adjudged, and decreed, that the appeal be sustained, and that the decree of the Probate Court in the particulars appealed from be reversed with costs, and in other respects sustained, and that the cause be remanded to that court for such further proceedings as may be necessary to carry this decree into effect, and that dower be admeasured only out of the undisputed parcel said to be thirty-five acres.

Plaintiff appealed on the following grounds:

1. Because his honor erred in assuming that the personal property of Robert Seibert sold for very little, and that the proceeds of the land paid the Irby claims. 2. Because his honor erred in assuming that the claims in favor of the Irby estate were properly proved in the bankrupt court. 3. Because his honor erred in assuming that there was a regular decree in the Bankrupt Court, and that the land was sold pursuant thereto. 4. Because his honor erred in holding that a sale in the husband's life-time, under a judgment superior to right of dower, will defeat dower in all events. 5. Because his honor erred in not holding that the claims of the Irby estate were paid out of other property than this land on which they were liens. 6. Because, in order to effect the dower right, there must be a strict foreclosure, and the burden of proof is on the defendants. 7. Because the payments made by the assignee of Seibert, if they had any effect, let dower in, not out. 8. Because the petitioner, at all events, is entitled to dower in the excess value of the land over the purchase money debt.

*Messrs. Johnson & Richey.* for appellants, *cited* 17 *S. C.*, 380; 2 *Hill Ch.*, 252; 27 *S. C.*, 562; 3 *McCord*, 346; 12 *S. C.*, 465.

*Messrs. Ferguson & Featherstone*, contra, *cited Stewart on Husb. & W.*, §§ 258, 259; 1 *Scrib. Dow.*, 441, 555; 51 *Ill.*, 302; 2 *McCord*, 54; 1 *McCord Ch.*, 279; 1 *Jones Mort.*, § 464; 1 *Lead. Cas. Real Prop.*, 326, 332; 4 *Kent*, 38; 15 *Pet.*, 21; 4 *McCord*, 346; 7 *Stat.*, 232; 5 *Am. & Eng. Encycl. L.*, 903;

17 *S. C.*, 387; 1 *Hill*, 200; 24 *S. C.*, 427, 503; 101 *Mass.*, 428.

July 2, 1889.   The opinion of the court was delivered by

Mr. Chief Justice Simpson.   The petitioner, appellant, demanded dower in certain lands in the possession of the defendant, Janie C. Todd.   This demand was allowed in the Probate Court, but, upon appeal to the Circuit Court, the decree of the Probate Judge was reversed, except as to a small portion of the land, described in the petition.   The case is now before us on appeal from the decree of the Circuit Judge, in so far only as said decree reversed and overruled that of the Probate Court.   This appeal, therefore, does not involve that portion of the Circuit decree which allowed the claim of dower in a certain part of the land.

The facts of the case were as follows: Mr. Z. L. Holmes purchased a tract of land, containing some one hundred and twenty acres, at the sale of the real estate of the late Col. J. H. Irby, deceased, sold for partition under an order from the court.   He gave bond to commissioner in equity for the purchase money, which, under the act in such cases, was secured by a statutory mortgage—act of 1791.   Robert Seibert, the husband of the demandant, also purchased at the same sale a small portion of land—some 10 7-10 acres—this purchase being also secured by the statutory mortgage aforesaid.   Some time after this, Mr. Holmes sold his land to Mr. Seibert, the purchase money, however, to the commissioner had not been paid, nor the statutory mortgage satisfied, or in any way released.   Some time after this, Seibert went into bankruptcy, and these lands were sold by his assignee, and the proceeds applied to the unpaid purchase money represented by the bonds of Holmes and Seibert in the hands of the commissioner or his successor, at which sale S. R. Todd, jr., the then husband of the defendant, Janie C. Todd, became the purchaser.   Todd subsequently died, and also Robert Seibert, and the petitioner, the widow of Seibert, commenced the action below against Janie C. Todd, the widow of said S. R. Todd, jr.

The Circuit Judge, in overruling the decree of the Probate Court, finds as a matter of fact, "that the assignee of Seibert sold these lands under the decree of the Bankrupt Court, to satisfy

the liens thereon and to pay the other debts of the bankrupt; that these liens were duly established in the Bankrupt Court, and that the lands were sold by order of the court, and the proceeds applied first to their extinguishment—all this in the life-time of the debtor, the demandant's husband." Upon these findings, he adjudged that demandant's right to dower in said lands was defeated. The appeal questions the findings of fact *supra*, and on that account first denies the application of the principle of law mentioned. It also denies that the right of dower could be defeated in such cases, except by a strict foreclosure, claiming that the bankrupt sale was not such a foreclosure.

In looking into the testimony, we think the findings of his honor must be sustained, under the established rule in such cases, there being neither an entire absence of evidence, nor a manifest preponderance against them. The purchase money of these lands due the commissioner had not been paid; the proceeds, or at least a large portion thereof, were applied by the assignee to the bonds representing the original purchase money. We think the Circuit Judge was warranted in holding that these claims were established before the Bankrupt Court, and that the sale took place under the orders of said court; and that, therefore, it was substantially a foreclosure sale.

Now, what is the law of dower under such circumstances? No doubt of the general doctrine, that where a man is seized of lands during coverture, with no lien or encumbrance attaching, or in existence at the time of seizin, the wife has an inchoate right to dower, which becomes complete upon her surviving her husband. And in such a case, we know of no law or power that could defeat this right, except the consent, legally expressed, of the wife herself. Where, however, the seizin is accompanied at its inception with a lien, mortgage, or judgment, the inchoate right of dower of the wife attaches in subordination and subject to said lien. *Jones* v. *Miller*, 17 S. C., 380. And if it becomes necessary to sell the land to pay off this lien, and it is legally sold for such purpose, the dower *in the land* is gone, whatever may be the rights of the widow as to an interest in the surplus arising, if any.

A mortgagee or a judgment creditor having a lien prior to the

attaching of the inchoate right of dower of the wife of the debtor, has such lien upon the whole land, and has the right to sell the whole in payment of such lien; and when such sale is made by proper proceedings, the purchaser takes the land free from said lien, and as well from all others. When the sale is made after the death of the husband, and the right to dower has become complete, then, if there be a surplus, the widow may claim dower in that, or she may redeem and receive her dower; but where the sale is made in the life-time of the husband, and in foreclosure and satisfaction of the lien, the land cannot afterwards be pursued for dower on the part of the widow; and if there should be a surplus, that has already passed into the hands of the husband, before the inchoate right has ripened into a perfect right.

Now, applying these principles to the facts of this case, there is no doubt as to the correctness of his honor's ruling below. Here, there was a statutory lien or mortgage over the land at the inception of demandant's husband's seizin, to which her inchoate right was subject and subordinate. This mortgage gave a right of sale, free from the encumbrance of said inchoate right of dower. Has such sale been made? The Circuit Judge has so found, and that it was made in the life-time of the husband. This finding we have not felt at liberty to disturb. It follows, therefore, that the decree of his honor, predicated upon the facts found, must be sustained. The cases of *Tibbetts* v. *Langley Manufacturing Company* (12 S. C., 465), *Jones* v. *Miller* (17 *Id.*, 380), and *Agnew* v. *Renwick* (27 *Id.*, 562), cited by appellant, do not conflict here; on the contrary, when analyzed, they sustain our conclusion. In the last case, the land was not sold at a foreclosure, but at a private sale. In the next, the sale of the personal property was held sufficient to extinguish the ante-nuptial judgment. And in the other, the mortgage lien attached after coverture.

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.