### JEFFERIES v. ALLEN.

1. DOWER—RES JUDICATA.—It having been adjudged that a widow was estopped from claiming as her own a tract of land which had belonged to her in fee, she having acquiesced in an order for the sale of this land as her husband's property, and all of it, except 82 acres, having been so sold, her husband's seizin in these 82 acres is *res judicata*, binding upon all parties to the cause, and the widow is entitled to dower therein.

2. THE RECORD of a case in all its stages may properly be considered by the court in determining what points have been adjudged in the cause.

3. ASSESSMENT OF DOWER—VALUE—INTEREST.—In the assessment of the amount to be allowed in lieu of dower, where the husband died seised, the value of the land at the time of the husband's death, with interest from that date, is the value fixed by law on which to assess the dower. One-sixth of that amount is the widow's dower.

Before NORTON, J., Spartanburg, July, 1890.

The opinion sufficiently states the case.

*Messrs. C. P. Sanders* and *D. E. Hydrick*, for appellant.

*Messrs. Johnson & Thomason* and *Nicholls & Moore*, contra.

June 17, 1891. The opinion of the court was delivered by

MR. JUSTICE MCIVER. This being the third appeal in this case, it will not be necessary to make any further statement of the facts than may be found in 29 S. C., 501, and 33 *Id.*, 268, except such as are necessary for a proper understanding of the points raised by the present appeal.

The attorneys for the respondent, Harriet Allen, who alone is interested in resisting this appeal, having consented, in the record, that the judgment appealed from shall be modified as claimed in the several grounds of appeal indicated in such consent, except upon a contingency which will not arise under the view we take of the case, there are but two questions left for us to determine: 1st. Whether the Circuit Judge erred in allowing Mrs. Harriet Allen dower out of the 82 acre tract of land mentioned in the proceedings. 2nd. Whether there was error in adjudging

that she was entitled to interest on the amounts assessed to her in lieu of her dower from the time of the death of her husband.

1st. As we understand it, this 82 acre tract of land constituted a part of a tract which, in fact, belonged to Harriet Allen, and not to her husband; but inasmuch as she had assented to, or rather acquiesced in, an order for the sale of this land as a part of the estate of her husband, and all of it except the 82 acres had been sold as such, it had been previously adjudged in these proceedings that Harriet Allen was estopped from claiming the said tract of land as her separate estate. If this were all, there could be no doubt as to the right of Mrs. Allen to claim dower therein. But it appears that, after the termination of the action brought by Mrs. Moss[1] to recover the 82 acre tract of land, the pendency of which had prevented the sale of that tract and the admeasurement of dower therein, an order was passed by his honor, Judge Izlar, referring two questions to the master: 1st. Whether Woodward Allen was seized in fee during coverture of the 82 acre tract. 2nd. Whether Harriet Allen was entitled to dower therein. The testimony taken at the reference held in pursuance of this order is set out in the "Case" as prepared for the argument of this appeal. The master made his report, finding that Woodward Allen was not seized in fee during coverture of the 82 acre tract of land, and consequently that Mrs. Allen was not entitled to dower therein.

To this report the respondent, Harriet Allen, excepted, and the same, together with other matters not necessary to be adverted to here, came before his honor, Judge Norton, for hearing. It is stated in the "Case," and there does not seem to have been any objection interposed by the appellant herein, that "the entire record, with all of the testimony at the various references, was before his honor." Judge Norton, amongst other things, rendered judgment overruling the report of the referee, finding that Woodward Allen had not been seized in fee during coverture of the 82 acre tract, and consequently that Mrs. Allen was not entitled to dower therein, and, on the contrary, adjudged that she was entitled to dower, and that the sums of money assessed in lieu of dower should bear interest from the time

[1] See *Moss* v. *Jefferies*, 32 S. C., 195.

of the death of Woodward Allen. From this judgment R. C. Oliver appeals, whereby the two questions above stated are presented for our determination.

We agree with the Circuit Judge that Mrs. Allen is entitled to dower in the 82 acre tract. After it had been adjudged in this very case that Mrs. Allen was precluded from setting up a claim to this land on the ground that it had already been determined to be the land of her husband, it would be strange indeed for the court to adjudge in the same case that the widow was not entitled to dower, because her husband had never been seized in fee. To use the language of the Circuit Judge: "It would be a reproach to the law if the widow should be prevented from setting up her fee in the land, because it had been adjudged to be the land of her husband, and at the same time prevented from setting up the judgment that the land was her husband's, because witness testified that it belonged to her in fee."

It is urged, however, that this anomalous result must be accepted, because the widow failed to object to the parol evidence before the referee, and failed to introduce the record showing that the matter of the title to the land was *res judicata.* We suppose, however, that the referee had, or had the right to have, the whole record of the case in which he was appointed before him, and in the absence of evidence to the contrary, we would assume that such was the fact. At all events, it does appear that the Circuit Judge, while hearing the exceptions to the referee's report, had "the entire record" before him, and to this no objection was interposed. So that we see no reason why the Circuit Judge could not look into the record, and if he found that one of the questions presented for his determination had already been adjudged, he was bound to so hold. This case differs very materially from the case of *Griffin* v. *Griffin* (20 S. C., 490), relied on by counsel for appellant; for there the Circuit Judge of his own motion, against the objection of counsel, called for and obtained a paper constituting a part of the record of *another case* in *another court,* which he used as evidence in considering the exceptions to the report of the referee then under consideration, which paper had not been in evidence before the

referee, and did not constitute any part of the record of the case under consideration.

Again, it is urged by appellant that Oliver is not estopped from denying seizin in the husband, by reason of the previous adjudication in this case that the land did belong to the husband, and as such was liable to be sold for the benefit of his creditors, of whom Oliver was one. It will be observed, however, that the estoppel here relied on is, that the matter is *res adjudicata*, and does not arise from any privity of estate between the husband and the defendant in dower. Hence the authorities cited for the purpose of showing that where the defendant in dower holds under a conveyance from the husband, that is only *prima facie* evidence of the husband's seizin, and the defendant is not precluded from showing that the husband's seizin was of such a character--for example, that of a trustee—as would not give rise to the right of dower. Here, however, the adjudication that the land in question was the husband's, and as such liable to be sold for the payment of his debts, one of which was held by the appellant, amounted to a judgment that the husband's seizin was of such a character as would support the claim of dower, and the appellant being a party to the case in which such adjudication was made, partly, at least, in his interest, he is estopped, under the doctrine of *res judicata*, from again raising the question when it becomes important to his interest to obtain a different adjudication from that already made in his own interest.

2nd. The question as to the time from which interest should be allowed will next be considered. It is claimed by respondent that this question had been previously determined in accordance with the view taken by Judge Norton, and that this court sustained this ruling of Judge Fraser by implication at least, if not directly. It is true that Judge Fraser did hold that the widow was entitled to interest from the death of her husband; but his judgment was appealed from, and exception in several forms was taken to that, amongst other provisions of his decree. But it is a mistake to suppose that his judgment was affirmed, even impliedly, by this court; for by reference to the case as reported in 33 S. C., 273, it will be seen that Mr.

Justice McGowan, in delivering the opinion of this court, near its close, used this language: "This makes it unncessary to consider the grounds of appeal from the order of Judge Fraser confirming the return of the commissioners." It is clear, therefore, that the question is still open for consideration.

The act of 1824, as amended by the act of 1825, now incorporated in the General Statutes as section 2289, with an additional provision in regard to improvements, while making specific provision as to the mode of making the assessment, and the time from which interest on the same should be allowed, where the land out of which dower is claimed had been alienated by the husband, omitted any provision of that kind where the land had not been alienated. To supply this omission, probably, the act of 1883 (18 Stat., 453) was passed, which act seems to have been overlooked in the many discussions to which this case has been subjected. That act provides as follows: "That on all assessments of dower in lands of which the husband died seized, the value of the lands at the time of the death of the husband, with interest from the accrual of the right of dower, shall be taken and received by the courts of this State as the true value on which to assess said dower."

Under this explicit rule, established by the law-making department of the government, we do not see how a court can undertake to deprive the widow of the right to interest from the time of the death of her husband, which, of course, is the time when her right of dower accrued. Under this express statutory rule, the proper mode of arriving at the amount to be allowed a widow for her dower, would be to ascertain the value of the lands at the time of the death of the husband, without reference to any improvements which may have been subsequently put upon them (proviso to sec. 2289, *supra*), and adding the interest thereon from the time of his death, and allowing the widow one sixth of the amount thus ascertained, which will produce the same result as if one-sixth of the value be first ascertained and then the interest be added to the amount thus ascertained. It is true that taking the amount which the lands brought at a sale made several years after the death of the husband may seem to be a departure from the rule prescribed by the statute above cited, un-

less the result of such sale should be regarded as the best test of the value of the land at the time of the death of the husband, yet that provision of the judgment is not excepted to or appealed from, and, indeed, could not well be under the previous adjudications in this case; and that matter is not now before us, but has passed beyond our control.

The judgment of this court is, that the judgment of the Circuit Court be affirmed, except as modified by the agreement set out in the record.

