GRUBE v. LILIENTHAL.

1. DOWER—FORECLOSURE.—A married woman who has renounced her
right of dower on a mortgage executed by the husband on his lands,
has no inchoate right of dower in balance of proceeds of lands by fore-
closure sale after payment of mortgage debt.

2. ASSIGNEE—MORTGAGES—RECORDING—LIENS.—An assignee for ben-
efit of creditors does not take the property conveyed by deed of as-
signment freed from the lien of a mortgage executed prior to the deed
of assignment, but not recorded until after that date.

Before GARY, J., Charleston, July, 1897.   Affirmed.

Action in foreclosure by Mrs. Mamie E. Grube against
J. Fred. Lilienthal, Thos. Pinckney, jr., *et al.* The follow-
ing is so much of the report of Master Sass as is necessary
to understand the opinion fully:

In regard to the first question, I am of opinion that it
involves the legal position of an assignee for the benefit of
his creditors under a deed of assignment. Is, or is not, such
assignee a purchaser for valuable consideration? If he is,
then the assignee in the case at bar will take the property
freed from the equity of the bank, because of the fact that

by reason of the want of record of the bank's mortgage at the time he has no notice of it; otherwise, he stands only in the shoes of the assignor, and takes the assignor's property subject to all equities existing against said assignor. The recording act of this State applies in terms to "the rights of subsequent purchasers or creditors for valuable consideration." Rev. Stats., sec. 1968. In Burrill on Assignments (2d ed.), page 483, under this subject of how the assignee takes, we find: "Under this head, it may be said generally that the assignee succeeds only to the rights of the assignor, and is affected by all the equities against him; and that he takes the property subject to all equities." The same author, at page 484, says, *inter alia,* that in Michigan, in the case of *Holister* v. *Loud,* an assignee was held by the Supreme Court to be, in legal contemplation, a purchaser for a valuable consideration. But in the later case of *Pierson* v. *Manning,* in the same Court, the doctrine was denounced as "an absurdity." "*And the prevailing rule now is, that neither the assignee nor the creditors whom he represents are purchasers for a valuable consideration without notice, as against prior equitable liens.*" In 2d Kent's Commentaries (13th ed.), star page 32, note, we find: "Nor does the assignee of a voluntary assignment for the benefit of creditors stand in a better situation than the assignor. Neither he nor the creditors whom he represents are purchasers for valuable consideration without notice, as against prior equitable liens. *Haggerty* v. *Palmer,* 6 John's Ch., 437; *Knowles* v. *Lord,* 4 Wharton, 500." In 1st American and English Encyclopedia of Law, we find: "An assignee is not a purchaser for value who will be protected against an execution not levied of which he had no notice. *Moses* v. *Thomas,* 26 N. J. L., 124; *Van Wagoner* v. *Moses,* 26 N. J. L., 570." See, also, *Payne* v. *Sykes,* 16 So. Rep., p. 903, and *Hooven* v. *Burdette,* 39 N. E. R., pages 1107 and 1108. I am, therefore, of opinion, as a matter of law, that the assignee of J. F. Lilienthal is not a purchaser for valuable consideration, and this being so, it follows, as an equitable

principle, fully recognized in the case of *Summers* v. *Brice*, 36 S. C., 204, that the said assignee, Thomas Pinckney, jr., takes the property in question subject to the mortgage to the German-American Trust and Savings Bank, and the said bank, out of the proceeds of the sale of the said premises, has the right next to the first mortgage to be paid to the full extent of the amount due on the bond secured by its mortgage.

The following is the Circuit decree:

Upon exceptions duly filed to the report of G. H. Sass, Esq., master, bearing date January 22d, 1897, and being made on questions previously reserved in said case, said exceptions to said report being filed on behalf of the defendant, Thomas Pinckney, jr., assignee and agent of the creditors of J. Frederick Lilienthal and the German-American Trust and Savings Bank, respectively, and after hearing argument of counsel thereon, I find two questions involved for decision by me:

*First.* Does the assignee of J. F. Lilienthal take the property of his assignor subject to the equity of the second mortgage of J. F. Lilienthal to the defendant, the German-American Trust and Savings Bank, which mortgage bears date May 2d, 1895, but was not recorded until June 19th, 1896, the day after the date of the deed of assignment from J. F. Lilienthal to Thomas Pinckney, jr., his assignee.

*Second.* Has the wife of J. F. Lilienthal, during his lifetime, the right now to have her inchoate right of dower in the premises covered by the mortgages ascertained and protected in the net surplus proceeds of sale of said premises, which sale has taken place under the foreclosure of the first mortgage on the premises given by the husband, J. F. Lilienthal, to Mrs. Mamie E. Grube, upon which first mortgage the wife of the said J. F. Lilienthal has duly renounced dower under the form of renunciation provided by the statute law of this State? The facts of this case appear to be as follows: The defendant, J. Frederick Lilienthal, on

the 1st day of May, 1893, made, executed and delivered his bond for $3,000, secured by a mortgage of even date of the premises in question to Mrs. Mamie E. Grube, upon which mortgage Mrs. Ann Emily Lilienthal, the wife of the defendant, J. Frederick Lilienthal, duly renounced dower, and the said mortgage was properly recorded in Charleston County. Thereafter, on the 2d day of May, 1895, the defendant, J. F. Lilienthal, made, executed and delivered his bond for $7,000, secured by a second mortgage of even date therewith of the premises in question to the defendant, the German-American Trust and Savings Bank, upon which no dower was renounced, and which was not recorded until June 19th, 1896. On June 18, 1896, the defendant, J. Fred. Lilienthal, made, executed and delivered his deed of assignment for the benefit of his creditors unto the defendant, Thomas Pinckney, jr., his assignee, which deed of assignment was recorded within forty days after its date. Thereafter, on or about the 18th day of September, 1896, Mrs. Mamie E. Grube, holding the first mortgage on the premises in question, with dower renounced thereon, instituted the present suit for the foreclosure of the said mortgage, making the assignee of J. Frederick Lilienthal and the German-American Trust and Savings Bank, the holders of the second mortgage, parties defendant. Thereafter, Mrs. Ann Emily Lilienthal, the wife of the defendant, J. F. Lilienthal, petitioned and intervened in said suit, asking that her inchoate right of dower be ascertained and set aside. The premises have been sold, and the two questions first set out in this decree have arisen in regard to the surplus proceeds of such sale after the payment of the first mortgage held by Mrs. Mamie E. Grube. J. Frederick Lilienthal, the original mortgagor, is now alive and residing in the city of Charleston, S. C.

In regard to the first question, the finding thereon by the master in his report, must be confirmed. The question involved here depends upon whether an assignee under a deed of assignment for the benefit of creditors, is a subsequent creditor or purchaser for valuable consideration. The au-

thorities quoted by the master fully sustain the proposition that he is not, but that he only succeeds to the rights of the assignee, and takes the property subject to all equities existing against said assignor. Such being the law, it follows that the mortgage held by the German-American Trust and Savings Bank must be satisfied before the assignee can receive any portion of the proceeds of the sale of the mortgaged premises. *Summers* v. *Brice*, 36 S. C., 204.

In regard to the second question, the master's report must be overruled. As to this question, the master in his report holds that the wife of Mr. Lilienthal is entitled to have her inchoate right of dower in the surplus proceeds of sale of the mortgaged premises ascertained and protected. He has not suggested in what manner this could or should be done. This part of the report is excepted to, and I am forced to differ with the master and overrule his report on this point. It must be remembered that the mortgagor, Mr. Lilienthal, is living. There is no case, that I am aware of, in which, on the foreclosure of a mortgage, upon which the wife has renounced dower, the husband mortgagor being still living, such a provision has been made. There is no authority for such a position. And besides, it would be impracticable. The husband living, the wife's dower is an inchoate right. It would be impracticable to set aside a portion of the surplus and to keep it as a sort of trust estate, unknown to the law, upon the contingency of the wife's surviving the husband; the fund to be invested in the meantime and the interest paid to the husband, or to the second mortgagee, or partly to each, the corpus of the fund to be paid over to the wife should she survive her mortgaging husband; and if she does not, to the second mortgagee, or partly to the second mortgagee or his representatives, and partly to the husband or his representatives, a trust that might continue a very long time in case the husband and wife were very young and robust. The law in this State, as I understand it, relieves the matter of all difficulty. If a wife does not renounce dower on a mort-

gage made by the husband, then when the mortgagee fore-
closes during the lifetime of the husband, the wife, under
the law as it stands in this State, cannot, by being made a
party to the foreclosure suit, be divested of her still inchoate
right.   She could only have been divested of it by her own
act, by her renunciation, in the mode provided by law, on
the mortgage, or could only be divested of it by her own
act—her renunciation of dower in the mode provided by
law to the purchaser under the foreclosure proceedings;
otherwise, such purchaser would simply take subject to the
inchoate right of dower of the wife, a right which would
become operative if she survived, but would vanish if she
did not.   So in the case of a foreclosure of a mortgage
upon which the wife has renounced dower against her hus-
band in his lifetime.   Under our law, the wife is neither a
necessary or a proper party.   Upon a sale under the fore-
closure, the purchaser takes a good title to the land, and
the surplus is ordered to be paid over to the husband.   If
she had any such right as suggested by the master, the law
would surely have provided that she should be made a
party to protect her interest in the surplus, and not having
so provided, she has no right to apply to be made a party.
It is no hardship on the wife.   The law protects her by
requiring a private examination by a legal officer, to secure
her free and uncompelled act in the renunciation of her
dower.   She need not do it.   If she does, she must abide
the consequences.   If she renounces dower on her hus-
band's conveyance, does she get any dower out of the pur-
chase price?   So, also, when she renounces dower on her
husband's mortgage, if it is foreclosed in his lifetime, while
her right remains inchoate.   When a sale is made under
the decree of foreclosure, the mortgage is a link in the
title, and the conveyance is the involuntary conveyance of
the husband under the mortgage on which she has re-
nounced dower.   Of course, the renunciation of dower only
enures to the benefit of the mortgage upon which she re-
nounced, and if the mortgage be satisfied, the dower revives.

In such case, it is the same as if the mortgage had never existed, and cases cited on that subject have no application. Of course, the renunciation of dower is only to the extent of the mortgage. But what is the extent of the mortgage? It includes its foreclosure and the necessary incidents, the selling of the mortgaged land to pay it, selling, as it is in this State, the land pledged to pay it, turning the land into money, converting the real estate into money, personalty. All this applies to a case like the present, where the foreclosure takes place in the lifetime of the husband mortgagor, during the period in which the wife's right is inchoate. Of course, a very different status is presented if the foreclosure takes place after the death of the husband, and when thereby the wife's right is no longer inchoate, but has become vested. Consequently, under our law, in this changed condition, she is a necessary party to the foreclosure. This being so, when the mortgaged property has been sold under foreclosure against the living mortgagor of a mortgage, on which the mortgagor's wife has renounced dower, the purchaser takes a good title to the land, and the surplus is paid over to the husband; but if there be a second mortgage, it is sold under both, and the surplus is paid over to the second mortgage until it is paid. Dower having been renounced on the first mortgage, the wife's inchoate interest in the land has gone, and the husband's right to the surplus is gone, because the land has been mortgaged by him by the second mortgage. Suppose a first mortgage with no renunciation of dower, and a second mortgage with renunciation of dower, and the second mortgagee in the lifetime of the mortgagor forecloses without making the first mortgagee a party, which he has the undoubted right to do (*Evans* v. *McLucas*, 12 S. C., p. 61), and that, under decree for foreclosure, the property was sold, of course, it would be sold free of the dower but subject to the first mortgage. Suppose the purchaser paid and satisfied the first mortgage, would that revive the dower right? Surely not. In the same way, if he did not, and

the first mortgagee foreclosed, could it be pretended that the wife would have any right to dower? Surely not. It would seem unnecessary to discuss the cases cited by the master, because, read in the light of these principles, it will be readily seen that they have no application. It is ordered, adjudged, and decreed, that this cause be referred back to the master, so that his report can be conformed to the views herein expressed.

From this judgment the defendants, Thos. J. Pinckney, jr., assignee, and Mrs. Ann Emily Lilienthal, appeal.

*Messrs. Mordecai & Gadsden*, for appellants, cite: *Inchoate right of dower:* 12 S. C., 480; 23 S. C., 162; 7 Pick., 535; 53 N. Y., 293; 42 Ia., 259; 55 Md., 42; 5 Rich., 12; 23 S. C., 162; 36 S. C., 404; 2 Hill, 196; 49 S. C., 437; 22 N. E. R., 290; 30 Ohio, 196; 28 *Id.*, 503; 32 *Id.*, 210; 40 *Id.*, 391; 10 Ohio St., 63; 8 Barb., 618; 19 N. J. Eq., 231; 1 Am. Rep., 60; 21 N. Y., 412; 27 N. Y. Supp., 620, 597; 12 *Id.*, 815; 42 N. E. R., 1; 20 S. C., 566. *Rule for ascertainment:* 38 S. W. R., 1047; 49 Am. Rep., 813; 10 S. E. R., 574; 42 Ia., 251; 7 Paige, 386; 2 Hill Ch., 250; 15 Am. St. R., 631.

*Messrs. Buist & Buist* and *Simons, Seigling & Cappellmann*, for the German-American Savings Bank, contra, cite: *On question of dower:* 2 Stat., 137; 13 Ed. I., ch. 34; 27 Hen. VIII., c. 10; 4 and 5 W. & M., c. 16; 3 Stat., 389; 7 Stat., 196; 4 Stat., 385, 430; 7 Stat., 233; 4 Stat., 742; 5 Stat., 163, 169, 256; 7 Stat., 294; 6 Stat., 238; 7 Stat., 331; 14 Stat., 538; 16 Stat., 705; 17 Stat., 466, 525, 19; 18 Stat., 453, 835; 19 Stat., 169, 193; 20 Stat., 380, 710; 21 Stat., 113; 16 S. C., 91; 2 Brev., 211; 32 S. C., 116; 49 S. C., 437; 14 Rich. Eq., 280; 23 S. C., 169; 31 S. C., 206; 32 S. C., 112; 49 S. C., 437.

March 14, 1898. The opinion of the Court was delivered by MR. JUSTICE GARY. The facts of this case are fully set

out in the decree of his Honor, the Circuit Judge, which will be reported.

The first two exceptions of Mrs. Ann Emily Lilienthal will be considered together, and are as fullows: "1. Because his Honor erred in holding that the defendant, Ann Emily Lilienthal, the wife of the said J. Fred. Lilienthal, had no right to have her inchoate right of dower in the premises covered by the mortgages herein ascertained and protected in the net surplus proceeds of sale of said premises. 2. Because his Honor should have held that the defendant, Ann Emily Lilienthal, was entitled to have her inchoate right of dower in the surplus proceeds of sale of said mortgaged premises, ascertained and protected under the order of the Court."

The question raised by these exceptions has not heretofore been decided in this State. In Park on Dower, star page 192, the following language is used: "It was for a long time doubted by great lawyers, whether before the death of the husband, there were any means by which the wife's inchoate title of dower might be voluntarily extinguished. It was thought that as she had no right of action until the death of the husband, she had nothing to part with till then, and could not be barred even by fine. But it is now clearly established that the title of dower, although inchoate till the death of the husband, yet being an interest attached on the lands, from the instant of the concurrence of *marriage* and *seisin*, is extinguished by those modes by which a married woman may relinquish any other legal interest; and even so long since as the time of Lord Coke, we are told that 'no question was made, but that if the husband and wife levy a fine, the wife is barred of her dower, for the *intermarriage* and *seisin* are the fundamental causes of dower, and the death of the husband but an execution thereof'" (italics ours). In our State, this inchoate right of dower may be relinquished by a contract with the wife during coverture—*Smith* v. *Oglesby*, 33 S. C., 194—by a renunciation under the statute, or by a sale of the land

during coverture, under a paramount claim.    If the land is
sold during coverture to satisfy a lien existing at the time
of the marriage, or a lien for the purchase money, when the
land was purchased by the husband during coverture, or a
lien upon which the wife has renounced her dower, the
*purchaser* gets a title to the land free from all claims of dower,
even although the paramount lien might have been very
small in amount, as compared with the value of the land.
Why does the purchaser take the title stripped of the wife's
right of dower?    It is because the "concurrence of marriage
and *seisin*" is broken during the coverture by the sale under
a paramount claim, as to which the wife is in privity of es-
tate with her husband.    If the land is sold during coverture
to satisfy a mortgage (other than for the purchase money)
executed by the husband during coverture, upon which the
wife had not renounced her dower, the seisin would not be
broken *as to her*, because she would not be in privity of
estate with her husband.    But, as was said by this Court,
in *Miller* v. *Bank*, 49 S. C., 437: "If the title of the hus-
band is complete, and during coverture he executes a
mortgage on the land upon which the wife renounces her
dower, and the mortgage is foreclosed during coverture, she
by her own act did that which as effectually deprives her
of the right to claim dower as if the mortgage had been
executed for the purchase money of the land, or had been
a subsisting lien at the time of marriage.    In all these
cases, the rights of the purchaser are paramount to the
wife's claim of dower.    When the wife renounces dower in
the land, she by her own act places herself in privity of es-
tate with her husband."    The wife, by her renunciation of
dower upon the mortgage, contributed to the destruction
of the seisin, and thereby destroyed her right of dower.    As
the wife, by her act of renunciation, assisted in bringing
about a change of seisin, by which her right of dower was
destroyed, and by which the surplus proceeds of sale be-
came the property of the husband, the Court had no more
authority for impressing a trust upon the surplus proceeds

of sale than it had to impress a trust upon any other personal property of the husband. The right of dower was completely extinguished and destroyed when the seisin, during coverture, was broken by the aid of the wife, and the Court had no power to transfer the right to the surplus proceeds of sale.

The master who was reversed by the Circuit Judge upon this question relied upon the cases of *Keith* v. *Trapier*, Bail. Eq., 63; *Tibbetts* v. *Langley*, 12 S. C., 476; *Wilson* v. *McConnell*, 9 Rich Eq., 512; *Henagan* v. *Harllee*, 10 Rich. Eq., 285, and *Keckley* v. *Keckley*, 2 Hill Ch., 250. But in none of these cases was there a destruction of the seisin during coverture by the aid of the wife. Apart, however, from the foregoing reasons for overruling the exceptions, there are decisions in this State that could not have been rendered, if Mrs. Lilienthal's claim is valid. Section 143 of the Code provides that "The Court may determine any controversy between the parties before it, when it can be done without prejudice to the rights of others, or by saving their rights; but when a *complete* determination of the controversy cannot be had without the presence of other parties, the Court must cause them to be brought in" (italics ours). In the case of *Miller* v. *Bank, supra*, the Court says: "In cases where the rights of the wife are in privity with those of her husband in the land, and the land is sold under a judgment of foreclosure during coverture, the wife is not a necessary party to foreclosure proceedings, and after the death of the husband, has no right to claim dower in the land." From this it necessarily follows that the wife during coverture has not such an interest as the Court is empowered to protect.

The third exception of this appellant is as follows: 3. "Because his Honor erred in holding that it would be impracticable to ascertain and protect the inchoate right of dower of this defendant." After what has been said in considering the other exceptions, the question presented by this exception becomes purely speculative. We may say, however, that if the doctrine for which the appellant contends

was sustained, it would complicate and embarass the transfer of property throughout the country, and lead to endless litigation.

The exceptions of Thomas Pinckney, jr., assignee, &c., are as follows: 1. "Because his Honor erred in holding that Thomas Pinckney, jr., the assignee of J. Fred. Lilienthal, took the property of his assignor subject to the equity of the second mortgage of J. Fred. Lilienthal to the German-American Trust and Savings Bank, which said mortgage bears date May 2d, 1895, but was not recorded until June 19th, 1896, the day after the deed of assignment from J. Fred. Lilienthal to Thomas Pinckney, jr. 2. Because his Honor should have held that said mortgage to the German-American Trust and Savings Bank not having been recorded prior to the date of the deed of assignment from J. Fred. Lilienthal to Thomas Pinckney, jr., his assignee, and the said assignee having no notice thereof, that Thomas Pinckney, jr., as assignee, took the said property free from the lien of the said mortgage. 3. Because his Honor erred in holding that the mortgage held by the German-American Trust and Savings Bank must be satisfied before the assignee could receive any portion of the proceeds of the sale of the mortgaged premises." The authorities cited by the master show that these exceptions could not be sustained.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.