**DUNCAN v. JOHNSON et al.**

**LOHM v. DUNCAN et al.**

**No. 4855.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 10, 1941.

Harry E. DePass, Jr., of Spartanburg, S. C. (H. E. DePass, Sr., of Spartanburg, S. C., on the brief), for appellant.

Rufus M. Ward, of Spartanburg, S. C. (Donald Russell, of Spartanburg, S. C., on the brief), for appellee.

Before SOPER and DOBIE, Circuit Judges, and CHESNUT, District Judge.

SOPER, Circuit Judge.

By the decree of the District Court in this case, it was adjudicated that Myrtle Berry Duncan, widow of W. N. Duncan, had no dower interest in certain lands mortgaged by her husband in his lifetime and sold by a receiver appointed by the court on June 1, 1933 in an equity proceeding instituted by the receiver of a national bank on behalf of Duncan's creditors, some of whom held judgment liens against his real estate. At this time virtually all of Duncan's property consisted of real estate of which 40 acres of farm land, the most valuable, was covered by a mortgage of $10,000 then in default, upon which his wife had renounced her dower.

On July 27, 1935, after proper proceedings, the mortgagee was given leave by order of the District Court to bring suit for the foreclosure of the mortgage in the state court. In due time this suit was instituted and the state court entered a decree of foreclosure whereby judgment in the sum of $9,326.47 was awarded the mortgagee, the equity of redemption was forever foreclosed, and the property was ordered to be sold free from liens, the mortgage debt to be paid to the mortgagee out of the proceeds of sale, and the surplus, if any, to be paid to Duncan's receiver.

On April 4, 1936, before the sale took place, the federal District Court authorized and directed Duncan's receiver to borrow $10,000 to pay off the mortgage debt, as the mortgaged property had become more valuable in the interval, and it seemed to be to the interest of the creditors to prevent a forced sale. The loan was obtained from one not a party to the proceeding, the mortgage debt was paid, and the lender was secured by an assignment from the mortgagee of the mortgage and all his rights under the mortgage judgment and the foreclosure decree. Thereby the property was withdrawn from sale under the state court's decree.

With matters in this situation, the receiver prepared a plat dividing the acreage into lots, and in 1937, with Duncan's assistance, obtained bids for certain lots and sold them under orders of the District Court. These orders were passed with the consent of the holders of liens upon the property, and in effect constituted orders to sell the lots free from liens so as to convey an unencumbered title to the purchasers. In order to facilitate the transfers, the receiver entered into an agreement with Mrs. Duncan, later ratified by the District Court, to the effect that if she would renounce her dower upon the deeds, such dower, if any, as the court might find she had in the property, would be protected and transferred to the proceeds of sale. Accordingly, she renounced her dower upon the deeds. Under this procedure, divers lots were sold and conveyed during Duncan's lifetime and the greater part of the proceeds was applied to the reduction of the mortgage debt, and the balance was applied to the payment of interest, taxes, repairs and expenses of the receivership.

Duncan died on August 8, 1938, and thereafter, Mrs. Duncan petitioned the court to determine her dower rights in the property. She was allowed to intervene, and on June 27, 1939, an order of court was passed whereby the prior agreement between her and the receiver as to her dower rights was confirmed and a continuation of the agreement as to further conveyances and renunciations was authorized. Thereafter, numerous other lots were sold by order of court free from liens, and the widow renounced her dower on the deeds. The proceeds of sale were sufficient to pay off the remainder of the mortgage debt and leave a substantial surplus in the receiver's hands. We are now called upon to determine the interest of

Mrs. Duncan in this surplus, based upon her dower rights in the land, (1) as to the land sold before her husband's death and (2) as to the land sold thereafter.

We confine ourselves to the decision of these questions, for no controversy has arisen as to the amount of the allotment to be made under the law of South Carolina in lieu of dower, or the priority of dower over the claims of Duncan's creditors, if dower rights in fact existed. See, Jeffries v. Allen, 34 S.C. 189, 193, 13 S.E. 365; Geiger v. Geiger, 57 S.C. 521, 35 S.E. 1031; Wright v. Jennings, 1 Bailey, S.C., 277; Ex parte Clark, 130 S.C. 501, 126 S.E. 137; Shell v. Duncan, 31 S.C. 547, 558, 563, 574, 10 S.E. 330, 5 L.R.A. 821: The right of the widow to dower in the pending case depends in part upon the nature of the transaction by which the foreclosure sale in the state court was stayed and the rights of the mortgagee were transferred, as above described. The District Court assumed by reason of certain testimony of the receiver that this transaction amounted to a sale of the property free from liens to the receiver. In this conclusion, we think the court was in error. The order of April 4, 1936 did not authorize the receiver to purchase the property, but merely empowered him to borrow $10,000 to pay off the mortgage, and this end was accomplished in the manner above described. No sale under the auspices of the state court took place, and the mortgagor was therefore not divested of his title in the property which, under the South Carolina law, remained in him until the foreclosure sale should take place. See, Mitchell v. Bogan, 11 Rich., S.C. 686, 704; Warren v. Raymond, 12 S.C. 9, 25. That this was the understanding of all the parties to the transaction is verified by the fact that the wife joined in the deeds from the receiver to the purchasers of the lots so as to renounce her dower interest.

Thus it appears that the interest which was conveyed by the receiver's deeds to the purchasers of the lots was the title of the mortgagor; and as we have seen, it was conveyed free from liens under the authority of the federal District Court, sitting in equity. As to the lots sold and conveyed by the receiver during the lifetime of the husband, it is clear that the wife retained no dower rights, for it is a rule of property in South Carolina that when a wife renounces her dower in a mortgage executed by her husband, and the land is sold in his lifetime free from the lien of the mortgage to satisfy the mortgage debt, she has no right of dower either in the land or in the surplus proceeds of sale. Gantt v. Jones, 4 Cir., 272 F. 117; Seibert v. Todd, 31 S.C. 206, 9 S. E. 822, 4 L.R.A. 606; Grube v. Lilienthal, 51 S.C. 442, 451, 29 S.E. 230; In re Glenn, D.C.S.C., 2 F.Supp. 579, 588; Ex parte Clark, 130 S.C. 501, 504, 126 S.E. 137.

A different situation exists under the law of South Carolina when a wife joins in a mortgage of the husband's land in order to renounce her dower for the benefit of the mortgagee and the land is not sold to satisfy the mortgage until after her husband's death. In such event, her dower right is no longer inchoate but has become vested, and it is transferred to the surplus proceeds of sale after the payment of the encumbrance. Klinck v. Keckley, 2 Hill Eq. 250; Seibert v. Todd, 31 S.C. 206, 9 S.E. 822, 4 L.R.A. 606; Ex parte Clark, 130 S.C. 501, 126 S.E. 137. It follows, that the widow in the case at bar was entitled to dower in the land remaining unsold at the time of her husband's death, to be allotted to her out of the surplus proceeds of the sales of the lots remaining after the payment of the encumbrance.

The decision of the District Court will therefore be affirmed as to the lots sold during the husband's lifetime, and reversed as to the lots sold after his death, and the case will be remanded to the District Court for further proceedings in accordance with this opinion.

Reversed in part and remanded.