## VINSON v. NICHOLAS.

1. The certificate to a renunciation of dower was as follows:
   "Witness my hand and seal, January 27, 1876.
   "R. R. RAWLS,          FRANCES J. VINSON, [SEAL.]
       "Notary Public."
   and the word "seal" was in the handwriting of the officer, and there was no other testimony as to whose seal it was. *Held*, that the Circuit Judge properly held that it was the seal of the officer, whose duty it was by law to affix his seal, and not that of the woman who was required only to sign.
2. It is not necessary that the officer's seal should precede his name, although it is so placed in the form suggested by the statute—the statute permits the certificate to be not only "in the form" but also "to the purport" of the formula given.

Before FRASER, J., Union, October, 1886.

The opinion fully states the case.

*Mr. I. G. McKissick*, for appellant.

*Mr. D. A. Townsend*, contra.

March 5, 1888.   The opinion of the court was delivered by

MR. JUSTICE MCIVER.   This was a proceeding for dower, and the only question raised by the appeal is, whether the certificate of the officer taking the renunciation of dower, endorsed on the deed from the plaintiff's husband to the defendant, was sufficient, the alleged defect being the want of the seal of the officer to the certificate.   This certificate is in the usual form and concludes in this way:

"Given under my hand and seal, this twenty-seventh day of January, Anno Domini 1876.

"R. R. RAWLS,       FRANCES J. VINSON, [SEAL.]
    "Notary Public."

The case was originally instituted in the Court of Probate, and the judge of that court, finding as matter of fact that the word "*seal*" in the certificate was in the handwriting of the officer before whom the renunciation was made, and as matter of law that the words "witness my hand and seal" furnish of themselves evidence of an intention to seal, and that a seal, even though not annexed to the signature of the officer, if it purports to be his seal, will be regarded as such, reached the conclusion that the seal opposite to the name of the plaintiff was the seal of the officer taking the renunciation, and therefore that the same was complete and legal. He therefore dismissed the petition. From that decree the plaintiff appealed to the Circuit Court, upon the grounds set out in the record, and that court rendered judgment affirming the decree of the Court of Probate and dismissing the appeal. From that judgment the plaintiff appeals to this court, alleging error on the part of the Circuit Judge in holding that the renunciation of dower was under the seal of the officer.

There can be no doubt that the law requires that a renunciation of dower shall be under the seal of the officer taking it, and therefore the only question here is, whether the Circuit Court erred in reaching the conclusion that the seal found on the certificate of renunciation here brought in question, must be regarded as the seal of the notary public before whom it was taken. This seems to be a question of fact, and in the face of the concurring judgment of the judge of probate and the Circuit Judge we cannot say that there was any error in the conclusion reached below, unless it is without any evidence to support it or is manifestly against the weight of the evidence, and this we cannot say. On the contrary, we do not see how any other conclusion could properly have been reached.

As Judge Fraser well says, in delivering the judgment of the Circuit Court, the law requires that the certificate shall be "under *the hand* of the woman and the hand *and seal* of the officer" (*Gen. Stat.* of 1872, page 429), which was the law of force at the time this renunciation was taken. The use of a seal by the officer was essential, while it was wholly unnecessary by the woman ; and as we find a seal upon the paper, on the same line with the name of the officer, though separated from it by the

name of the woman, and also find that the officer certifies that the paper was under his hand and seal, by the use of the words, "Given under my hand *and seal,*" it is difficult to resist the conclusion that the officer either placed the seal there himself or intended to adopt it as his own, either of which would be sufficient, unless, contrary to the rule, we should assume that the officer did *not* do his duty.  It was his duty to execute the paper under his hand *and seal,* and he is presumed to have done his duty, in the absence of any evidence to the contrary, when we find a seal on the paper, though not in the usual place, and also find that he certifies that the renunciation was taken under *his* hand and seal.  But when, in addition to this, the fact is found by the judge of probate that the word "*seal*" is in the handwriting of the officer, which finding seems to be concurred in by the Circuit Judge, there can no longer be a doubt that the seal found upon the paper is to be regarded as the seal of the officer.

As is said by Judge Wardlaw in *O'Cain* v. *O'Cain*, 1 *Strob.*, 404: "The words '*apposui sigillum,*' 'witness my hand and seal,' 'signed, sealed, and delivered,' or equivalent expressions in an instrument signed by a party, furnish of themselves evidence of his intention to seal, and a very slight act will serve to effect the intention."  So in *McCreary* v. *McCreary* (9 *Rich. Eq.*, 34), where it was held that a seal was necessary to a magistrate's certificate of the renunciation of her inheritance by a married woman, in which respect the statute requirement is the same as in a renunciation of dower, Dargan, Ch., said: "Upon the certificate of the magistrate there is nothing that can be distorted into the semblance of a seal.  Had there been any sign annexed to the magistrate's signature, which the court could have considered as having been intended by him for a seal—had there been a wafer, or the word 'seal,' or the letters L. S. (signifying in the place of a seal), or any other sign or character which the magistrate intended to adopt as a seal, or to serve in its place, the court would have regarded it as a seal, or a sufficient affixing of a seal."  And again, in the case of *O'Cain* v. *O'Cain, supra,* where the note sued on was in the form of an ordinary promissory note and was signed by two persons, the first having an L. S. annexed to his name, and the other having nothing of the

kind, and the question was whether, as to the latter, the note could be regarded as a note under seal, Judge Wardlaw said : "If the usual words, *witness our hands and seals*, had been on the paper, we should not have doubted," showing that the particular location of the seal would not have made any difference, as the court would, from the words "witness our hands and seals," have inferred that both parties intended to adopt the same seal. This intimation of the court was afterwards adopted and acted upon in the case of *Twitty* v. *Houser* (7 *S. C.*, 153). To same effect see *Ball* v. *Dunsterville*, 4 *T. R.*, 313; *Mackay* v. *Bloodgood*, 9 *Johns.*, 285; and *Harrell* v. *Butler*, 92 *N. C.*, 20.

It is earnestly urged, however, by the zealous counsel for the appellant that as the statute requires that the certificate of renunciation shall be in a certain prescribed form, and as the form given in the statute places the seal *before* and to the *left* of the name of the officer, it is not a sufficient sealing unless the seal is *prefixed* to the name of the officer, and that where, as in the present case, the seal is not so prefixed, but follows *after* and to the right of the name of the officer, there is not a sufficient compliance with the requirements of the statute. To say nothing of the fact that the court could scarcely feel itself warranted in placing so rigid and literal a construction upon the terms of the act, especially in view of the decisions above cited, it is sufficient to say that the statute does not require that the certificate shall be in the precise *form* prescribed; but, on the contrary, the language is, that the certificate shall be "in the form, *or to the purport*, hereafter following."

The judgment of this court is, that the judgment of the Circuit Court be affimed.