## BRATTON v. BURRIS.

1. "CASE"—FINDINGS OF FACT—APPEAL.—Where the testimony is not set out in a "Case," all questions of fact will be presumed to have been correctly settled by the Circuit Judge.

2. DOWER—ESTOPPEL.—In 1859, a renunciation of dower by a married woman before a notary public, who did not affix to his signature his official seal or scroll, is not a legal renunciation, and does not estop her from obtaining dower in the lands conveyed by her husband.

Before WATTS, J., York, November, 1896. Affirmed.

Petition by Letitia A. Bratton, in probate court, to have dower assigned to her out of lands now in possession of R. Walker Burris. Judgment for petitioner. Defendant appeals. Judgment for petitioner by Circuit Court. Defendant appeals.

*Messrs. Finley & Brice*, for appellants, cite: 1 Strob., 404; 28 S. C., 200; 9 Rich. Eq., 36; 38 S. C., 420; 24 S. C., 401, 594; 19 S. C., 508; 43 S. C., 178.

*Mr. Thos. F. McDow,* contra, cites: Rev. Stat., 1901; 9 Rich. Eq., 36; 28 S. C., 199; 45 S. C., 45; 16 S. C., 98.

Oct. 21, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The case contains the following statement of facts: "The above entitled action was commenced in the probate court of York Couuty, on the 24th day of January, 1896, by the personal service of petition on the defendant, for the purpose of having dower assigned to the petitioner in certain lands of the defendant, formerly owned by S. E. Bratton, the husband of the petitioner, in his lifetime, and by him conveyed to George Steele on the 1st day of January, 1859. That petitioner, Mrs. L. A. Bratton, intermarried with S. E. Bratton and became his wife on the 7th day of September, 1847, and the said S. E. Bratton died intestate on the 12th day of September, 1893; and that during the married relations between said parties, S. E. Bratton was seized and possessed of the tract of land described in the petition, and that the appellant, R. Walker Burris, is the owner of the said tract of land and has been since the death of the said S. E. Bratton. The defendant answered the petition, and the issues came on for trial before the probate judge of York County. At this hearing it appeared that the petitioner had appeared before one V. E. McElhaney, a notary public in and for the State of South Carolina, and residing in the county of York, where the land was situated, and where the petitioner lived, on the 8th day of January, A. D. 1859," and signed a renunciation of her dower in the form prescribed by the statute, except there was no seal of the officer before whom it was executed. When the deed is unfolded, the seal of the grantor and the name of V. E. McElhaney, the notary public before whom the renunciation of dower was executed, are in close proximity, but divided by the crease in the paper caused by its being folded. The deed was recorded on the 10th of January, 1859. The decree of the probate court was as follows: "In this case the petitioner applied to have dower set off in

a tract of land owned by the defendant. The facts of the case are as follows, to wit: In 1859, the husband of the petitioner sold and conveyed to George Steele a large tract of land. On the deed of her husband the petitioner attempted to renounce dower before V. E. McElhaney, a notary public of said State; but the notary failed to put any seal or scroll to his official signature, the original deed being offered in evidence. The tract of land owned by the defendant, and in which petitioner is asking that her dower be set off, was a part of the same tract conveyed by S. E. Bratton to George Steele, the defendant holding title from George J. Steele, who had gotten title in the partition of the real estate of his father, George Steele, deceased. The petitioner was represented by T. E. McDow, Esq., and the defendant by J. S. Brice, Esq., of the firm of Finley & Brice, attorneys. The defendant's attorney contended: 1st. That the notary adopted the seal of the grantor, S. E. Bratton, as his own. 2d. The notary is presumed to have done his duty. 3d. A seal will be presumed from lapse of time. 4th. The omission of the notarial seal, if omitted at all, is the merest technicality, and to hold that the seal, under the circumstances in this case, is absolutely and indispensably necessary, is sacrificing form to substance. 5th. The petitioner having legally and regularly renounced dower in the lands owned by the defendant, is now estopped from claiming same. I find as matter of law none of these points can be sustained, and that the attempted renunciation of petitioner on the deed of her husband to George Steele, was not done according to law. It is, therefore, ordered, adjudged, and decreed, that a writ of dower do issue, appointing commissioners to set off same to petitioner in the tract of land now owned by the defendant, purchased by him from George J. Steele."

The defendant appealed from said decree to the Circuit Court, and upon hearing the case his Honor, Judge Watts, signed the following order: "The above entitled cause came up before me for a hearing on appeal from the probate court

of York County.   After hearing the pleadings, testimony, exceptions of the defendant—R. Walker Burris—and the argument of counsel, I concur in the judgment of the probate judge, and overrule all of the exceptions to the said decree.   I hold that the attempted renunciation of petitioner's dower was fatally defective, in that the officer taking same failed to attach his seal.   Ordered, adjudged, and decreed, that the judgment of the probate court be affirmed. Let this judgment be certified to the probate court."

The defendant appealed from said order on the following exceptions: "1st. Because his Honor erred in overruling defendant's exceptions and sustaining the judgment of the probate court.   2d. Because his Honor erred as a matter of law in holding that petitioner's renunciation of dower was fatally defective, in that the officer taking the same failed to attach his seal.   3d. Because his Honor erred in not finding as a matter of law that petitioner had renounced dower in appellant's lands and premises.   4th. Because his Honor erred as matter of law in not finding that the petitioner was estopped from claiming dower in the lands in question.   5th. Because his Honor erred as a matter of law in not finding that the notarial seal, if omitted and if necessary, would be presumed from lapse of time.   6th. Because his Honor erred as a matter of law in not finding that the notary before whom the renunciation of dower was taken, is presumed to have done his duty, and affixed his seal, or adopted the seal of the grantor as his own.   7th. Because his Honor erred in not finding as a matter of law that the omission of the notarial seal from the form of renunciation, if omitted at all, was the merest technicality, and did not vitiate the renunciation.   8th. Because his Honor erred in not finding as a matter of law that if the notarial seal was omitted, it could be supplied by a court of equity.   9th. Because his Honor erred in not finding as a matter of law that the petitioner having done everything required of her in law in the renunciation of her dower in the lands in question, she was effectually estopped from setting up a claim of dower in the

same.  10th.  Because his Honor erred as a matter of law in finding that the petitioner could take advantage of the negligence or omission of the officer before whom she renounced dower."

The testimony is not set out in the case, and it is to be presumed that all questions of fact involved herein were correctly decided by the Circuit Judge.  No question, therefore, raised by the exceptions which are dependent upon a review of the facts can be considered.

The only question raised by the exceptions which can be considered by this Court is whether the renunciation of dower shows upon its face that it is fatally defective.  Sections 1900 and 1901, Revised Statutes (1893), are as follows: "Sec. 1900.  The wife of any grantor conveying real estate by deed or release may, whether she be of lawful age or a minor, release, renounce, and bar herself of her dower in all premises so conveyed, by acknowledging, as prescribed in the preceding section, upon private and separate examination, that she did freely and voluntarily, without any compulsion, dread or fear of any person whomsoever, renounce and release her dower to the grantee, and his heirs and assigns, in the premises mentioned in such deed; such renunciation to be recorded within forty days.  Sec. 1901.  A certificate, under the hand of the woman, and the hand and seal of the officer or officers aforesaid, shall be indorsed upon such release, or a separate instrument of writing to the same effect, in the form, or to the purport, hereafter following, and be recorded in the office of register of mesne conveyance in the county where the land lies: 'The State of South Carolina,      County.  I, F. G. (    , judge, trial justice, or other officer, as the case may be), do hereby certify unto all whom it may concern, that E. B., the wife of the within named A. B., did this day appear before me, and, upon being privately and separately examined by me, did declare that she does freely, voluntarily, and without any compulsion, dread or fear of any person or persons whomsoever, renounce, release, and forever relinquish unto the

4-51

within named C. D., his heirs and assigns, all her interest and estate, and also all her right and claim of dower of, in, or to, all and singular the premises within mentioned and released. Given under my hand and seal this day of Anno Domini . (L. S.) F. G. (Signed) E. B.'"

At the time the renunciation of dower was executed, the law which provided for the mode of barring a married woman of her estate of inheritance, required, amongst other things, that a certificate, signed by the woman and under the hand and seal of the officer before whom it was released, should then be immediately indorsed upon the said release, or a separate instrument of writing to the same effect, in the form or to the purport of the certificate prescribed when dower was renounced. Revised Statutes (1873), page 430. It thus appears that the requirement as to the seal was the same when a married woman released her estate of inheritance as when she renounced her dower. Since the renunciation herein was executed, a statute was enacted which provides that the absence of the seal shall not render the acts of a notary public invalid if his official title is affixed, but it has no application in this case. Rev. Stat. (1893), 580. At the time the petitioner attempted to renounce her dower, the only rights which she had in such cases were conferred by statute. It is, therefore, a question of power and not of intention. After a careful review of the authorities, especially the case of *McCreary* v. *McCreary*, 9 Rich. Eq., 34 (which involved the power of a married woman to release her inheritance in the absence of a seal to the certificate of the officer taking the release), this Court is constrained to decide that the failure of the notary public to affix a seal to his certificate rendered the renunciation fatally defective.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.