## BROWN v. PECHMAN.

1. MARRIED WOMEN—CONSTITUTION—INHERITANCE—REAL ESTATE. An alienation of an inheritance by a married woman before the repeal of the act of 1795, and after the adoption of the Constitution of 1868, must be made according to the provisions of that act.

2. STATUTORY POWERS.—Equity cannot aid the defective execution of a statutory power.

3. ESTOPPEL—REAL ESTATE.—A MARRIED WOMAN who in 1869 joined her husband in a deed of conveyance, and thereon executed an invalid release of inheritance and received the purchase money therefor, is thereby estopped from bringing an action for the possession of the land after the death of her husband.

4. MARRIED WOMEN—REAL ESTATE.—Equity will not compel a married woman to return the purchase money of land conveyed by invalid release of inheritance, as a condition precedent to bringing an action for its recovery.

Before GARY, J., Barnwell, November, 1897. Affirmed.

Action for possession of real estate. Elizabeth A. Brown *v.* Chas. F. Pechman. From order refusing permission to amend answer, the defendant appeals.

*Messrs. Robert Aldrich* and *Patterson & Holman,* for appellant. The latter cite: *Before Con. of 1868, disabilities of married women were general:* 16 S. C., 408; 26 S. C., 217. *The Con. of 1868, art. 14, sec. 8, virtually repealed act of 1795:* 49 S. C., 547; 15 Stat., 324. *Equity will construe the deed, &c., to be agreement to convey:* 1 Rich. Eq., 324; 15 Stat., 324; 15 S. C., 382; 7 S. C., 88; 26 S. C., 283; 33 S. C., 195; 20 S. C., 566; 32 S. C., 261. *She must repay consideration:* 48 S. C., 458.

*Messrs. Bellinger, Townsend & O'Bannon,* contra, cite: *Adverse possession does not run against married women:* 48 S. C., 28; 100 N. Y., 1. *Proposed third defense not available to defendant:* 2 McC. Eq., 112; 16 S. C., 402; 26 S. C., 213; 5 Allen, 460; 6 Id., 305; 2 Gray, 161; 15 S. C., 593; 20 S. C., 565; 26 S. C., 288; 4 S. E. R., 256; 11 Id., 688; 10 Id., 95; 7 Id., 610; 49 S. C., 546; 109 Ind., 386; 102 Id., 396. *Equity will not compel plaintiff to refund purchase money:* 15 S. C., 561; 30 S. C., 167; 25 N. Y. Sup., 767; 18 S. C., 298, 115; 20 S. C., 298; 25 S. C., 513; 10 S. C., 164.

July 18, 1898. The opinion of the Court was delivered by

MR. JUSTICE JONES. The action in this case is to recover real estate, and this is the second appeal. The plaintiff inherited the land in question prior to 1860, and on June 5th, 1869, joined with her husband, James C. Brown, in a deed of conveyance to their son, Pinckney Brown, in the usual form of conveying a fee simple title, with covenant of warranty, and expressed to be "in consideration of valuable services to us rendered, and also the sum of $250 to us in hand paid." On this deed was indorsed what pur-

ported to be a renunciation of inheritance by plaintiff, dated
June 23d, 1869.    On January 26th, 1873, for valuable con-
sideration, Pinckney Brown conveyed the land to Charles
Pechman, sr., under whom defendant claims.    James C.
Brown, the husband of plaintiff, having died in November,
1896, plaintiff, in January, 1897, brought this action to re-
cover said land.    The answer of the defendant was simply
a general denial.    The question in the first trial was, whether
the act of 1795 (5 Stat., 257), prescribing the manner in
which a married woman should release her inheritance in
real estate, was repealed by art. 14, sec. 8, of the Constitu-
tion of 1868.    This Court, reversing the judgment of the
Circuit Court in favor of the defendant, held that the Con-
stitution of 1868 did not repeal the act of 1795.    At a sub-
sequent term of the Circuit Court, defendant moved to
amend his answer, so as to set up an equitable defense sub-
stantially shown by paragraph eight, as follows: "8. That
the defendant admits that the said deed, bearing date June
5th, 1869, was invalid, by reason of a defective renunciation
of inheritance on the part of a married woman, under the
act of A. D. 1795, and could not operate to convey the legal
title, vested in the said Elizabeth A. Brown at that time.
But the defendant further alleges, that as the said deed to'
Pinckney Brown (under whom he claims) was founded
upon a full and valuable consideration, that the said Eliza-
beth A. Brown will be required in equity to specifically per-
form her said contract, to convey a good and valid title in
fee to the defendant herein; or be held estopped in equity
and good conscience from recovering the land mentioned
and described in the said complaint, which said land the
plaintiff attempted to convey in fee, and only failed therein
by reason of a defective renunciation of inheritance."    The
Circuit Court refused the motion to amend, on the ground
that, under the admitted statement of facts, the proposed
defense could not avail the defendant.

The present appeal alleges that this was error.    The ap-
pellant contends, by the second and third exceptions, that

where a married woman, after the adoption of the Constitution of 1868, to wit: in 1869, attempted to execute a deed for full value, as in this case, and only failed in her design through a defective renunciation of inheritance, that in an action by such married woman for the recovery of the real estate so attempted to be conveyed, the court of equity will either hold that she is estopped or will construe such defective deed as an agreement to convey, and compel specific performance of the contract. The argument, in brief, is that article 14, section 8, of the Constitution of 1868, which provides that the separate property of a married woman "may be bequeathed, devised or alienated by her the same as if she were unmarried," confers on a married woman the *power* of alienation, which includes the power to make an executory contract to alienate or convey; and that while the act of 1795 was in force at the time of the attempted alienation, and the release of inheritance was not executed, as required by that act, still equity may aid the defective execution of the power conferred by the Constitution. This argument would be convincing, if the power to alienate conferred by the Constitution could have been exercised *independently* of the act of 1795, in force at the time of the attempted alienation. But, as shown in the decision in the former appeal in the case, 49 S. C., 546, compliance with the act of 1795 was requisite to a valid release of inheritance by a married woman. While the Constitution gave the power to alienate, the act of 1795 provided the manner of its exercise. The exercise of the power could only be evidenced by a strict compliance with the statutory method. Failure to comply with the statute rendered the deed void *ab initio*, for want of power. Equity can not compel specific performance of a void contract. Nor can equity compel specific performance of an agreement to alienate by a married woman, when the alienation can only be made in the manner prescribed by the act of 1795, for this would be to compel what, by the statute, must be without compulsion. The

statute binds the court of equity as well as the court of law. If it were otherwise, the statute may be in effect repealed by changing the jurisdiction from law to equity. While equity may aid the defective execution of powers created by private parties, it can not aid the defective execution of a statutory power, or a power which can only be exercised as prescribed by statute. *Williams* v. *Cudd*, 26. S. C., 218.

It follows that the doctrine of estoppel can not be applied in this case. Estoppel rests on capacity to contract. The power to alienate given to a married woman by the Constitution of 1868 does not necessarily imply power to make an executory contract to convey. Plaintiff's power to alienate could only be exercised in the manner prescribed by the statute of 1795, which was not expressly repealed until 1873, 15 Stat., 324, and not even impliedly repealed until 1870, 14 Stat., 325, when it was enacted that "a married woman shall have power to bequeath, devise or convey her separate property in the same manner and to the same extent as if she were unmarried; * * * and all deeds, mortgages, and legal instruments of whatever kind shall be executed by her in the same manner and have the same legal force and effect as if she were unmarried;" and in section 3 of said act she was given power "to contract and be contracted with in the same manner as if she were unmarried." In 1869, therefore, plaintiff could not contract to alienate independently of the statute of 1795, and she could not contract to dispense with the formalities prescribed by that act. Hence, her deed, void for want of compliance with said statute, could work no estoppel. As stated in 14 A. & E. Eng. Law. 639: "If she could be estopped by her invalid deed, she would be able to convey her property without reference to the statutes relating to conveyances of married women, and the said statutes would be in effect repealed." The only ground upon which the court of equity is asked to act in this case is that the purchase money of the land was paid to plaintiff. But the re-

ceipt of the purchase money by a married woman will not work an estoppel when she has not released her inheritance as required by the statute. *McLaurin* v. *Wilson*, 16 S. C., 410.

It is further excepted that there was error in refusing to permit the answer to be amended as moved, because plaintiff should be compelled to refund the purchase money received by her before she could be allowed to recover the land in question. This point does not seem to have been raised in the answer, and doubtless was not considered by the Circuit Court, and strictly should not be considered by this Court. But its determination must be against appellant's views, for such follows logically from the conclusions already reached. To impress a lien on the land for the money received by plaintiff or her husband, or to make the recovery of her land conditioned on the refunding of money paid to her husband or herself in 1869, would be in effect to defeat the provisions of the statute, which provided the only mode by which her title could be conveyed to another. It would be to construct a lien out of a void act, and sweep away indirectly what could not be taken from her directly. In support of these views, see *Central Land Co.* v. *Laidley*, 3 L. R. A., 826; s. c., 25 Am. St. Rep., 797; *Scott* v. *Battle*, 85 N. C., 184; *Martin* v. *Dwelly*, 6 Wend., 9; 21 Am. Dec., 245; *Gliddon* v. *Strupler*, 52 Pa., 402; note to *Tiernan* v. *Poor*, 19 Am. Dec., 230.

The judgment of the Circuit Court is affirmed.