CAMPBELL v. HARRIS LITHIA SPRINGS CO.

DOWER—FRAUD.—A complaint alleging renunciation of dower in proper form before proper officer, but that doweress was coerced by her husband and his family into executing the release and that she was not separately examined, but which does not allege that grantee had knowledge of or participated in the fraudulent release, does not state a cause of action.

Before KLUGH, J., Laurens, August, 1905. Reversed.

Action by Sudie M. Campbell against the Harris Lithia Springs Company, on the following complaint:

"I. That the plaintiff is the widow of the late Rev. Thomas A. Campbell, who departed this life at Anderson, South Carolina, on the —— day of February, 1905, at which time and for many years prior thereto she was his lawful wife.

"II. That during the coverture of the plaintiff with the said Rev. Thomas A. Campbell, he was seized and possessed of one undivided half interest in all that tract of land, situate in the county and State aforesaid, now known as the Harris Lithia Spring, containing 229 1-10 acres, more or less, bounded by the lands of Chas. Madden, John Grant, Frank Franklin, Willis Dendy and Joe Watts, and lying on the waters of Cane Creek, being the waters of Saluda River.

"III. That on the 24th day of March, 1891, and during the coverture of the plaintiff with the said Rev. Thomas A. Campbell, he, together with Mrs. Anna A. Carter, executed

a deed of conveyance of the said tract of land to Mrs. Mamie B. Harris, and at the time of execution of said deed, the plaintiff appeared before M. T. Simpson, notary public, and without being privately and separately examined by him, and not acting freely and voluntarily, but with the compulsion, dread and fear of her said husband and of the members of his family, she signed an instrument in writing before the said notary, and in the presence of her husband and several persons in connection with, attached to or on the back of said deed of conveyance, purporting to be a relinquishment or renunciation of her dower in the real estate described in the said deed of conveyance, which the plaintiff is informed and believes was without her knowledge and consent, and against her will spread upon the records of the office of the clerk of Court of said county and State; but that the plaintiff avers, that ever since the execution of the said renunciation or relinquishment of dower, she has expressed her unwillingness to be bound by the same, on the ground that the same was not obtained from her in accordance with the requirements of law, and she takes this as the first reasonable opportunity since the death of her husband to disavow and repudiate the said alleged renunciation or relinquishment of dower, as fraudulent, null and void.

"IV. That the defendant, the Harris Lithia Springs Company, is in possession of the said tract of land, and has taken to itself and continues to appropriate to its own use and benefit the income, issues, rents and profits of the said tract of land, and refuses to admeasure, set off and deliver or in any matter whatsoever to allow the plaintiff her reasonable dower in the said tract of land, and to allow her any part of the income, issues, rents or profits thereof.

"V. That the defendant, the Harris Lithia Springs Company, is a corporation duly created and organized under the laws of the State of Georgia, and own property in this county and State, and has an office and a prominent place of business, with agents representing it, at Harris Springs,

in the county of Laurens and State of South Carolina, at or near Waterloo, in Laurens County, S. C.

"VI. That the plaintiff is entitled to and to have admeasured to her as her reasonable dower, one-third of one undivided half in fee of the said tract of land, together with an. accounting of the income, issues, rents and profits since the death of her husband.

"Wherefore, the plaintiff demands judgment that the alleged renunciation of dower be declared fraudulent, null and void, and that her dower be admeasured to her in the said tract of land, and in the income, issues, rents and profits thereof, and for the costs and disbursements of this action."

From order overruling demurrer, defendant appeals.

*Messrs. E. B. Baxter* and *Dial & Todd,* for appellant. The latter cite: 7 Rich. Eq., 444; 32 Ind., 537; 20 N. Y., 420; 10 Paige, 49; 7 L. R. A., 230; 10 Ency., 2 ed., 143; 44 Ia., 259; 7 App. Cas., 211; Herm. on Est., secs. 1061, 1062, 1052, 1044; 14 Cyc., 931, 980; 1 Strob. Eq., 60; 16 Cyc., 757; 2 Herm., 732; 5 Wall., 795; 20 Fed. Cas., No. 11772; 109 U. S., 573; 107 Mass., 325; 2 Scrib., 370, 371, 372; 1 N. & McC., 469.

*Messrs. Bonham & Watkins* and *F. P. McGowan,* contra. The latter cites: 27 S. C., 526; 16 S. C., 91; 52 S. C., 504; 51 S. C., 45; 53 S. C., 1; 16 S. C., 99; 17 S. C., 558; 5 Ohio St., 70; 59 S. C., 570; 36 S. C., 404; 26 S. C., 517; 38 S. C., 138; 57 S. C., 467; 72 S. C., 295; 17 S. C., 563; Story Eq., sec. 360.

April 21, 1906. The opinion of the Court was delivered by

MR. JUSTICE JONES. We think the demurrer should have been sustained, in so far as it is based upon the ground that the complaint does not state a cause of action, in that it fails to allege that the grantee, Mrs. Harris, knew or had any reason to suspect the fraud and imposition alleged in

the taking of the renunciation. It is true, the complaint alleges the facts, as to coverture, seizin and death of the husband of demandant in dower, which would, if stated alone, allege a cause of action, but the complaint goes further, and alleges a renunciation of dower by plaintiff before an officer qualified to take the same. This last fact is necessarily a complete bar to the action, unless the complaint should go further and allege facts which would in law destroy the renunciation. This the complaint fails to do. The certificate of the officer and the signature of the dowress is conclusive as to the truth of the recitals therein as to an innocent purchaser, relying upon the presumption that the officer has done his duty. It may be that the renunciation may be attacked for want of power. *McMorris* v. *Webb*, 17 S. C., 559 (a hard case, the doctrine of which should not be extended), and it may also be attacked for fraud or imposition; but in such case it must appear that the grantee was a party to the fraud or took title with notice or knowledge of it. 2 Scribner on Dower, 371; *White* v. *Graves*, 107 Mass., 325, 9 Am. Rep., 38. It is true, our cases hold to a strict compliance with the forms required by statute regulating renunciation of dower or inheritance—*Townsend* v. *Brown*, 16 S. C., 99; *Bratton* v. *Burris*, 51 S. C., 45, 28 S. E., 13; *Brown* v. *Pechman*, 53 S. C., 1, 30 S. E., 586, and while the stern enforcement of this rule seems hard at times, yet the grantee from a mere inspection may see whether the statutory method has been followed; but a very different question is presented when it is sought to contradict by evidence *aliunde* the truths of the recitals in the renunciation. The officer being charged by the law with the duty of ascertaining the facts recited, and he having certified thereto as required by statute, this should be held conclusive of the facts recited in the absence of fraud or imposition brought home to the grantee, in analogy to the well settled general rule that to annul a deed for fraud it must appear that the grantee participated therein. To hold otherwise

would unsettle title to lands in the hands of innocent purchasers to an alarming extent.

The judgment of the Circuit Court is reversed and the demurrer sustained, without prejudice to the right of plaintiff to apply for leave to amend the complaint so as to allege, if so advised, that the grantee, Mrs. Harris, participated in or had knowledge of the alleged fraud when title was executed to hei