7947

### FISHER v. FISHER.

1. DOWER—ESTOPPEL.—The joinder of a wife in a deed with the husband containing a general warranty and a covenant of seizin in fee simple and a certificate by a trial justice, not signed by the wife nor under the seal of the officer, that the wife acknowledged before him the execution of the deed as her own free act and deed, and upon examination separate and apart from her husband, acknowledged that she executed the same freely and of her own accord, does not estop the wife from claiming dower.

2. SEAL.—SECTION 664 OF THE CODE OF 1902 REFERS alone to absence of seal from instruments issued by a notary public.

Before WATTS, J., Greenville, June, 1910.    Affirmed.

Action by Dicey Fisher against Warren A. Fisher. Defendant appeals.

*Mr. Julius H. Heyward,* for appellant, cites: *Dower allowed in:* 16 S. C. 91; 20 S. C. 560; 87 S. C. 47.  *Not allowed in:* 33 S. C. 194; 48 S. C. 458.  *Estoppel:* 77 S. C. 244.

*Mr. H. K. Townes,* contra, cites: *Wife is entitled to dower:* 16 S. C. 91; 74 S. C. 285.  *Seal of officer necessary:* 51 S. C. 45.

July 7, 1911.  The opinion of the Court was delivered by

MR. JUSTICE HYDRICK.    This was an action for dower. The seizin of defendant's husband during coverture and his death, in 1905, were admitted.    In 1887, demandant joined her husband in the execution of a deed, conveying to defendant's grantor the land in which she now claims dower.    That deed contained the following covenant: "And the said parties of the first part, for the consideration aforesaid, do hereby covenant and agree to warrant and defend the premises aforesaid to the party of the second part, her heirs, executors, administrators and assigns, against the claim and entry of all persons whatsoever; and they do further covenant that they are seized of the premises in fee simple, and have power to make and convey such estate by this deed, and have done the same by these presents, to the said Mary L. Caruth, party of the second part."    Appended to that deed was the following certificate: "State of South Carolina,         county.    Be it known, that on the 27th day of April, A. D. 1888, personally came before me Dicey B. Fisher, the signer and sealer of the foregoing deed, and acknowledged the same

to be her own free act and deed; and Dicey B. Fisher, wife of the said Francis M. Fisher, upon examination by me, separate and apart from her husband, acknowledged that she executed the same freely and of her own accord for the purpose and intent therein expressed, and without any fear or compulsion from any one. Therefore, let this deed with this certificate be recorded. J. M. Whitmire, T. J. G. C."

"T. J. G. C." is understood to denote the official title of the officer signing the certificate, and to mean "Trial Justice for Greenville county."

The Circuit decree was in favor of plaintiff. The sole question is whether demandant is estopped by the deed. That question is answered in the negative by the decision in *Gainey* v. *Anderson,* 87 S. C. 47. It is contended, however, by appellant that the certificate of a private and separate examination of the wife distinguishes that case from this. True, there was no such certificate in that case. But that makes no difference, because the certificate on this deed is not a renunciation of dower, such as is required by the statute, 1 Code, 1902, sec. 2385; and, though the certificate need not be in the exact form, if it is "to the same purport" as that prescribed by the statute (*Vinson* v. *Nicholas,* 28 S. C. 198, 5 S. E. 557), its sufficiency is to be determined solely by what appears upon the certificate, and not by what the parties intended. *Brown* v. *Spand,* 2 Mill. 12; *Mayo* v. *Feaster,* 2 McC. Ch. 137; *Williams* v. *Cudd,* 26 S. C. 213; *Brown* v. *Pechman,* 53 S. C. 1, 30 S. E. 586. Moreover, the statute requires the certificate to be under "the hand of the woman and the hand and seal of the officer." The certificate here relied upon is not under the "hand of the woman," nor is it under the "seal of the officer," either of which defects would be fatal to its validity as a renunciation of dower. *Vinson* v. *Nicholas,* 28 S. C. 198, 5 S. E. 357; *Bratton* v. *Burris,* 51 S. C. 45, 28 S. E. 13.

12—89

The contention of appellant, that the failure of the trial
    justice to affix his seal is cured by section 664, 1
    Code, 1902, cannot be sustained; because that sec-
    tion, by its express terms, refers only to the absence
of a seal from instruments issued by a notary public.
Affirmed.