## MILLER v. THE FARMERS' BANK.

1. DOWER—FINDING OF FACT.—The testimony in this case does not show any agreement between the third mortgagee and wife of mortgagor, by which her renunciation of dower became inoperative.

2. IBID.—If before coverture the husband encumber his land, which is sold during coverture to satisfy encumbrance, the wife has no dower in the *land*, but has in *surplus proceeds*.

3. IBID.—If during coverture the husband encumber his land, and the wife does not renounce her right of dower, she has dower in the *land*.

4. IBID.—If during coverture the husband encumber his *land*, and the wife renounces her right of dower in the *land*, she has no dower in the *land*.

5. IBID.—PARTIES—FORECLOSURE.—When the wife renounces her right of dower, she is not a necessary party to foreclosure, to bar her recovery of dower.

6. IBID.—IBID.—IBID.—Where a wife renounces her right of dower on a third mortgage, and such mortgagee is a party to a suit in foreclosure by a senior mortgagee, the purchaser at foreclosure sale takes the land freed from her right of dower.

7. EXCEPTION too general.

Before WATTS, J., Edgefield, September, 1896. Affirmed.

Action by Fannie E. Miller against the Farmers' Bank of Edgefield in the probate court for dower. Judgment for plaintiff. Defendant appeals. The following is the decree of the Circuit Court:

This is an action brought by Fannie R. Miller, plaintiff,

against the Farmers' Bank of Edgefield, S. C., defendant, in the probate court for Edgefield County, claiming dower in two tracts of land described in the complaint, of which the said defendant bank is now the owner. The case was heard, and the probate judge decreed that Fannie R. Miller, plaintiff, was entitled to dower. From the decree rendered by the said court the defendant bank appeals to this Court on various grounds, which are covered by this decree. I find from the statement of facts agreed upon by the attorneys representing the plaintiff and defendant, that E. J. Miller, the husband of the plaintiff, Fannie R. Miller, gave J. A. DeVore a first mortgage on the two tracts of land in which dower was claimed by the plaintiff, and on which mortgage no dower was renounced; that E. J. Miller gave a second mortgage to the Farmers' Bank of Edgefield, S. C., on the same two tracts of land, on which mortgage no dower was renounced; and that E. J. Miller gave a third mortgage to the Bank of Edgefield, which mortgage was transferred to D. E. Lanham, on the same two tracts of land, and on which mortgage dower was renounced by the plaintiff, Fannie R. Miller, the widow of E. J. Miller, deceased. I find from a judgment roll introduced in evidence, entitled "The Farmers' Bank of Edgefield, S. C., plaintiff, against E. J. Miller, J. A. DeVore, D. E. Lanham, J. D. Atkinson, and Brigham & Brigham, defendants," that an action was brought by the Farmers' Bank of Edgefield, S. C., second mortgage creditor, to foreclose its mortgage, to which proceeding of foreclosure all the mortgage and judgment creditors of E. J. Miller, mortgagor, were made parties defendant. That J. A. DeVore, first mortgage creditor, and D. E. Lanham, assignee of the Bank of Edgefield's mortgage, third mortgage creditor, answered the complaint for foreclosure, and asked that their mortgages might be foreclosed and the proceeds applied to the payment of the several mortgages given by the said E. J. Miller, according to their legal priorities, and joined in the prayer of the complaint for foreclosure, and that a decree of foreclosure was

rendered, providing for the payment of said mortgages according to their legal priorities, and that a sale of the said mortgaged premises took place in the lifetime of E. J. Miller, mortgagor, and bought by the said defendant bank. I also find that the proceeds of said sale were not sufficient to pay the second mortgage in full, and hence nothing was paid on the D. E. Lanham third mortgage, on which the widow's dower was renounced. I find also that D. E. Lanham testified before the probate court, which was objected to by defendant's counsel, that he had bought the Bank of Edgefield mortgage for the purpose of releasing the plaintiff's renunciation of dower on said mortgage, and that he told plaintiff that he had released plaintiff's dower on said mortgage, but that he gave no notice to anybody but his sister, the plaintiff herein, that he had done so. The testimony conclusively shows that the answer of D. E. Lanham to the complaint for foreclosure, herein referred to, sets forth that he was the owner of the mortgage transferred to him by the Bank of Edgefield, and nowhere states that he did not claim any benefit from the renunciation of dower on his mortgage; that he did not so state in his testimony before the master, where his mortgage was proved; that he did not give any notice for himself or his sister, the plaintiff herein, and that no notice was given by anybody for him or the plaintiff, on the day of the sale of the mortgaged premises, that D. E. Lanham had released the plaintiff from her renunciation of dower on his mortgage, or that dower was claimed by the plaintiff in the mortgaged premises. I find also from the testimony that neither the original mortgage nor the record of it in the clerk's office shows that D. E. Lanham had released the plaintiff from the renunciation of dower or that he had cancelled it in any way, but that D. E. Lanham had only verbally told the plaintiff, and no one else, that he had released her renunciation of dower.

I hold, from the above state of facts, which are not disputed, as matter of law, that where there is a foreclosure and sale of mortgaged premises upon a mortgage valid

against the wife, the result is to divest her of all claim upon the land, and compel her to look to the surplus proceeds of the sale, if any remain, after satisfying the mortgage debt, and if there is no surplus proceeds of sale, after satisfying the mortgage debt, the widow's dower is gone, where the wife voluntarily makes herself a party to a mortgage by her renunciation, and thereby having disposed of the surplus proceeds of sale, her claim of dower is gone; when the wife relinquishes her claim of dower on a mortgage in the manner prescribed by statute, the purchaser under a decree for foreclosure and sale would take a title absolutely unencumbered of the dower. The relinquishment would attend the deed of the husband to the purchaser as a muniment of title. The purchaser holds under the parties to the mortgage, viz: the mortgagor, mortgagee, and the wife herself; it is well settled law that if a direct suit had been brought by D. E. Lanham, third mortgage creditor, with the dower of the plaintiff renounced on his mortgage, and no money was paid on the said mortgage, as the facts here show, the plaintiff's dower would have been gone. I can see no difference between a direct suit on the D. E. Lanham mortgage to foreclose it and the case at bar, so far as the dower of the plaintiff is concerned. It makes no difference who brings the suit for a decree of foreclosure, based on the proceedings for foreclosure herein above, and in this decree referred to was a foreclosure of all the mortgages given by E. J. Miller, mortgagor. It was as much a sale under the D. E. Lanham mortgage, on which dower was renounced, as under those mortgages on which there was no dower renounced. Being a sale under all the mortgages, and the third mortgage, on which dower was renounced, not being satisfied, nor any part thereof, the dower of the plaintiff in the money is gone, as well as in the land itself. Her dower was sold at said sale for the benefit of the third mortgage, owned by D. E. Lanham, and if anybody is entitled to her dower money, D. E. Lanham is.

The purchaser, the defendant bank, in this case, at said

sale, bought all the rights, titles and interests of E. J. Miller, mortgagor, J. A. DeVore, mortgagee, the Farmers' Bank of Edgefield, S. C., mortgagee, D. E. Lanham, mortgagee, and the widow's dower, which was sold under the D. E. Lanham mortgage, being renounced thereon, in the two tracts of land described in the complaint, and in which the plaintiff claims dower. So far as the satisfaction of the D. E. Lanham third mortgage is concerned, the result is the same as if a direct suit had been brought on the said mortgage to foreclose it, for the proceeds of sale would belong to the oldest mortgage in preference to it, the lands sold not bringing enough to satisfy it. These views are fully sustained in the following cases: *Keith* v. *Trappier*, Bailey's Eq., 63-66; *Kleckley* v. *Kleckley*, 2 Hill. Ch., 252; *Rikard* v. *Tolbird*, Rice's Eq., 170; Whitsey Mort. Foreclosure, p. 850; 5 Am. & Eng. Enc. Law, p. 902; 2 Jones' Mort., p. 601, sec. 1693; *Grant* v. *The Jackson & Sharp Co.*, Del. Ch., 412; *Borum* v. *Tucker*, 26 Abl. Rep., 456; *Chilver* v. *Weston*, 28 N. J. Eq., 361; *Carter* v. *Walker*, 2 Ohio St., 339; *Roan* v. *Holmes*, 13 So. Rep., 339; *Mandel* v. *McClure*, 56 Ohio St., 407. It appears trom the decree of the probate court that dower was allowed the plaintiff on the grounds that the renunciation of dower by the plaintiff on the D. E. Lanham or third mortgage, was for the benefit of that mortgage alone, and only postponed to the satisfaction of that mortgage; and as said mortgage was not satisfied out of proceeds of sale of the two tracts of land in which dower was claimed, that then the dower remained intact, and the purchaser at said sale only acquired the rights of the first and second mortgage creditors, and not those of the third mortgage creditor, which I have already held to be erroneous.

While it nowhere appears in said decree that dower was allowed the plaintiff on the ground that D. E. Lanham, owner of the third mortgage, on which dower was renounced, had released the plaintiff's dower from the operation of his mortgage, yet, as the question was made before me on argument at the hearing of the appeal, I will now consider the

legal effect that such a release has upon the questions aris-
ing in this case. It appears from the testimony that D. E.
Lanham, owner of the third mortgage, on which dower was
renounced by the plaintiff, answered the complaint for fore-
closure (referred to in this decree), as the owner of the said
mortgage, in which answer no mention was made that the
dower of the plaintiff had been released from his mortgage;
proved his mortgage before the master with no mention
made of the release of the plaintiff's dower; did not make
any entry upon the original mortgage or the record of the
same in the clerk's office that the plaintiff's dower had been
released; gave no notice to anybody before or at the sale
that he had released the plaintiff's dower, and the only evi-
dence that he had done so was what he stated to her ver-
bally, which was not known to any one but him and her,
until after this suit for dower was commenced. I hold that
D. E. Lanham, third mortgage creditor, on whose mortgage
dower was renounced, was the owner of said mortgage with
dower renounced as legally and effectually, so far as the
purchaser is concerned, at the sale under said foreclosure
proceedings, the same as if no verbal statements had been
made by him to the plaintiff that said dower was released.
The two tracts of land on which dower is claimed were
advertised for sale in the manner required by law, and the
plaintiff having notice of said sale, gave no notice that her
dower had been released from the D. E. Lanham mortgage,
when it was her legal duty to do so, so as to affect a pur-
chaser at said sale, she having renounced her dower on said
mortgage, and nothing appeared to the contrary. The law
is plain, that in ordinary cases that the widow is not bound
to give notice of her dower claim, for the law puts every-
body on notice of such a right on the part of the widow,
unless she has done something which would lead the pur-
chaser to believe that she has renounced her dower. Here
the widow had put on the Lanham mortgage her renuncia-
tion of dower, which was on record, and was presumedly in
the knowledge of the purchaser, who had a right at such

sale to act upon such a state of facts which the records showed, which facts she cannot now controvert to the defendant's injury. For to hold otherwise, would open the door to numerous frauds on purchasers at said sales. A mere verbal release by D. E. Lanham of the relinquishment of dower of the plaintiff from his mortgage, unknown to the world and unaccompanied by any acts or declarations or notice, is not sufficient to release the relinquishment of dower on said mortgage so as to affect the purchaser at a judicial sale, such as took place under the proceedings above referred to. Since said sale, D. E. Lanham and Fannie R. Miller, plaintiff herein, are estopped by the laches, silence, and conduct from claiming that the plaintiff's dower had been released. This doctrine is supported by the following cases: Bigelow on Estop., 501, note 511 and 578; 2 Scribner Dower, 251–253; *Phiemen* v. *Johnson*, 13 S. C., 28; *Stoney* v. *Bank of Charleston*, 1 Rich. Eq., 275; *Hill* v. *Gray*, 22 S. E. Rep., 802.

It is, therefore, ordered, adjudged, and decreed, that the appeal of the defendant, the Farmers' Bank of Edgefield, S. C., be, and the same is, hereby, sustained, and that the decree of the probate court in the said case, decreeing that the plaintiff, Fannie R. Miller, is entitled to dower in the tracts of land described in the complaint, be, and the same is, hereby, reversed, vacated, and set aside, and that the complaint of the plaintiff be dismissed with costs.

From this decree the plaintiff appealed.

*Messrs. Sheppard Bros.*, for appellant, cite: 2 Hill Ch., 254; 1 Bail. Eq., 63; 1 Hill L., 200.

*Messrs. Folk & Folk*, contra, cite: 23 S. C., 146; 47 S. C., 460; 42 S. C., 719; 23 S. C., 660; Bail. Eq., 63; 2 Hill Ch., 252; Rice Eq., 170; 12 S. C., 475; 26 At. Rep., 456; 1 Stockt. Ch., 361; 22 Ala., 104; 1 Rich. Eq., 275; 36 S. C., 401; 43 Mich., 208; 17 Neb., 377; 69 Me., 537; 14 N. J. Ch., 195; 2 Sand., 162; 16 N. Y. Supp., 797; 2 Ohio St.,

339; 16 Ohio St.; 596; 8 L. A. R., 443; 20 L. A. R., 733; 45 S. C., 91; 13 S. C., 25.

June 26, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The facts of this case are fully set out in the decree of the Circuit Judge, which will be incorporated in the report of the case. The 1st, 2d, 3d, 6th, and 7th exceptions all depend upon the question of fact, whether the petitioner's renunciation of dower, on the mortgage assigned to D. E. Lanham, had ceased to be operative by his action. These exceptions are as follows: "1st. Because his Honor, the Circuit Judge, erred in holding that it was the legal duty of the plaintiff to give notice that her dower had been released from the D. E. Lanham mortgage so as to affect a purchaser at said sale. 2d. Because his Honor, the Circuit Judge, erred in holding that 'a mere verbal release by D. E. Lanham to the relinquishment of dower of the plaintiff from his mortgage, unknown to the world, and unaccompanied by any acts, declarations or notice, is not sufficient to release the relinquishment of dower on the said mortgage, so as to affect a purchaser at a judicial sale, such as took place under the proceedings above referred to.' 3d. Because his Honor, the Circuit Judge, erred in holding, that 'since said sale D. E. Lanham and Fannie R. Miller, plaintiff herein, are estopped by laches, silence, and conduct from claiming that the plaintiff's dower had been released.' 6th. Because his Honor, the Circuit Judge, erred in not holding that the renunciation of dower on the third mortgage inured to the benefit of the owner of *that mortgage only;* and that the owner of that mortgage had the right to release the wife from her renunciation, without the consent of or notice to any other person. 7th. Because the probate judge having found, as a fact, that D. E. Lanham, the owner of the third mortgage, had released the wife from her renunciation of dower, and there being no testimony to the contrary, the Circuit Judge erred in not holding that she was thereby restored to

her *inchoate* right of dower as fully and as effectually as if she had never executed such renunciation."

The only testimony in the case touching this question is that of D. E. Lanham, which is as follows: "D. E. Lanham, sworn: Witness bought the mortgage from the Bank of Edgefield to relieve Mrs. Miller from the effect of her renunciation of her dower thereon. (Objected to by counsel for defendant. Objection overruled.) Witness informed Mrs. Miller that he had purchased the mortgage from the Bank of Edgefield, and that she was released from her renunciation of dower. The witness paid the money to the Bank of Edgefield, but Mrs. Miller furnished a part of the money. (The Court excludes the statement of witness that Mrs. Miller paid part of the money to the Bank of Edgefield. Objected to by attorney for plaintiff.) Cross-examined. Witness says he has not got the mortgage to the Bank of Edgefield with him, and is not certain whether he has it or Gov. Sheppard. Gov. Sheppard had the mortgage at the time suit was brought by the Farmers' Bank, and during the pendency of the said suit. Witness don't recollect whether he was present before the master when his claim was approved or not. That he did not state to the master before or at the sale that he had released Mrs. Miller from the effect of the renunciation of dower. Witness says he had told no one else except his sister that he had released her from the mortgage, but his brother, P. B. Lanham, was present and knew the facts. Reply. Witness would not have bought the mortgage, except for the purpose of relieving his sister from her renunciation of her dower thereon, and Messrs. Sheppard advised to do so. (Objected to by attorneys for defendant. Testimony admitted.) Mrs. Miller is witness' sister; she is the plaintiff herein." None of the exceptions raise the question, that there was error in excluding the statement of witness that Mrs. Miller paid part of the money to the Bank of Edgefield. The testimony fails to show that there was an agreement between D. E. Lanham and Mrs. Miller

by which her renunciation of dower became inoperative. Having reached this conclusion, the other questions raised by said exceptions are merely speculative, and, therefore, will not be considered by this Court.

The 4th and 5th exceptions will be considered together, and are as follows: "4th. Because his Honor, the Circuit Judge, erred in holding as applicable to this case, 'that where there is a foreclosure and sale of mortgaged premises upon a mortgage valid against the wife, the result is to divest her of all claim upon the land, and compel her to look to the surplus proceeds of the sale, if any remain, after satisfying the mortgage debt; and if there is no surplus proceeds of sale, after satisfying the mortgage debt, the widow's dower is gone.' 5th. Because his Honor, the Circuit Judge, erred in holding as erroneous the judgment of the probate judge that the renunciation of dower by the plaintiff on the D. E. Lanham or third mortgage, was for the benefit of that mortgage alone, and only postponed the satisfaction of that mortgage."

From the decisions rendered by the Court of last resort in this State, the following principles are deduced: 1st. If, at the time of coverture, there are encumbrances on the land, and there is a judicial sale of the land during coverture to satisfy such encumbrances, the wife is regarded as in privity of the estate with her husband, and whatever rights she may have are transferred to the surplus proceeds of sale after payment of the encumbrances; but she has no right to have dower set off to her in the *land* thus sold.

2d. If, at the time of, or during coverture, the title of the husband is complete and unencumbered, and he afterwards mortgages the land, the wife is not a privy in estate with her husband, and her right to claim dower in the land is paramount to that of the mortgagee. In such case her rights are not transferred to the surplus proceeds of sale if the mortgage is foreclosed during

the lifetime of her husband, but, after his death, she can have dower assigned her in the land itself.

3d. If the title of the husband is complete, and, during coverture, he executes a mortgage on the land upon which the wife renounces her dower, and the mortgage is foreclosed during coverture, she, by her own act, did that which as effectually deprives her of the right to claim dower in the land, as if the mortgage had been executed for the purchase money of the land, or had been a subsisting lien at the time of marriage. In all these cases the rights of the purchaser are paramount to the wife's claim of dower. When the wife renounces dower in the land she, by her own act, places herself in privity of estate with her husband.

4th. In cases where the rights of the wife are in privity with those of her husband in the land, and the land is sold under a judgment of foreclosure during coverture, the wife is not a necessary party to foreclosure proceedings, and after the death of her husband, has no right to claim dower in the land.

5th. When a wife renounces dower on one mortgage, and there are other mortgages, as in this case, under all of which the land is sold during coverture, the wife, after the death of her husband, is not entitled to relief against the *purchaser* of the land on the ground that the renunciation of dower was for the benefit alone of that mortgage upon which the dower was renounced, and only postponed the satisfaction of that mortgage. The purchaser must be regarded as succeeding to all rights of the parties to the action and of the wife, who cannot dispute his title. This Court is fully satisfied, by the reasoning of the Circuit Judge and the authorities cited in his decree, that the land was sold under all the mortgages aforesaid. The 4th and 5th exceptions are also overruled.

The 8th exception is too general for consideration.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.