### HADDON v. LENHARDT.

HOMESTEAD—RES JUDICATA—REAL PROPERTY.—Parties who have an interest in land as a homestead, and are made parties to a proceeding in the probate court to sell the land in aid of assets, and fail to set up their claim of homestead therein, cannot afterwards maintain an action for said land against the purchaser at such sale. *Ex parte Strobel,* 23 S. C., 309, *overruled; Culler* v. *Crim,* 52 S. C., 574, *followed.*

Before BUCHANAN, J., Pickens, October term, 1897. Reversed.

Action for possession of real estate by Edney Hatton, T. Herbert Hatton, and Polly Valentine *v.* R. Frank Lenhardt. From judgment for plaintiff defendant appeals.

*Mr. J. P. Carey,* for appellant, cites: *Respondent precluded by probate sale:* 33 S. C., 512; 2 Wall., 237; 26 S. C., 178; 50 S. C., 185; 34 S. C., 189. *Court having jurisdiction of subject matter and parties, appellant's title is valid:* 3 S. C., 323; 25 S. C., 280; 16 S. C., 282; 35 S. C., 400. *Respondents cannot attack judgment and sale:* 19 S. C., 537; 47 S. C., 552; 49 S. C., 156; 37 S. C., 74; 19 S. C., 554; 68 U. S., 627; 35 S. C., 400; 16 S. C., 282; 4 Rich Eq., 491. *Equitable estoppel:* 13 S. C., 355; 13 S. C., 371; 32 S. C., 512.

*Messrs. Wells, Ansel & Hollingsworth,* contra, cite, generally: 2 S. C., 310; 21 S. C., 384; 33 S. C., 514; 20 S. C., 526; 51 S. C., 101; 13 S. C., 370, 375; 17 S. C., 156; 2 S. C., 222; 39 S. C., 244; 32 S. C., 266; Con. 1895. sec. 28, art. III.; Rev. Stat., 2130.

January 6, 1899.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   Henry Haddon died leaving as his heirs at law, his wife and children, who are the plaintiffs herein.   He was possessed of a small personal estate and a small tract of land, upon which he and his family lived. His personal estate was insufficient to pay his debts, and the land was, therefore, sold by order of the probate court in aid of assets, and purchased by the defendant, who was one of his creditors.   The plaintiffs were made parties to the proceeding in the probate court, but did not answer, and no homestead was set off to them in that case.   Thereafter the plaintiffs filed their petition with the clerk of court, and a homestead was assigned to them in this tract of land by the commissioners, and confirmed by the Court of Common Pleas.   This action was then brought against the defendant for the possession of the land and damages for the unlawful detention thereof.   The case was submitted to a jury, but by consent was withdrawn in order that the presiding Judge might determine the issues.   His Honor filed his decree, in

which he decided in favor of the plaintiffs, whereupon the defendant appealed.

The practical question raised by the exceptions is, whether persons who have an interest in land as a homestead, and who are made parties to an action to sell the land in aid of assets, but fail to set up their claim of homestead in that proceeding, can afterwards assert such claim against the purchaser at such sale. Upon the hearing of this case on appeal, permission was given to review the case of *Ex parte Strobel,* 2 S. C., 309. In the case of *Culler* v. *Crim,* 52 S. C., 574, the Court uses this language: "The order of the probate court to sell the land in aid of assets was binding upon all who were made parties to that proceeding. The necessary effect of that order was to destroy the right of the parties to that proceeding to claim the homestead in the land ordered to be sold. Henry Crim purchased the land freed from the claims of the parties to this action, except Lena Hines, who was not made a party to the proceeding in the probate court." This is the latest judicial utterance upon this subject, and is conclusive of this question. These views are in harmony with the dissenting opinion of Mr. Chief Justice McIver, in *McMaster* v. *Arthur,* 33 S. C., 512. We are unable to see why persons who are made parties to an action are not as fully concluded by a judgment, the necessary effect of which is to destroy their right of homestead, as they would be in any other case. This conclusion is antagonistic to the case of *Ex parte Strobel,* and it is hereby overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be reversed.