10156

WATKINS *ET AL.* v. JUSTICE *ET AL.*

(98 S. E. 193.)

1. APPEAL AND ERROR—REVIEW—ACTION AT LAW.—In action for partition, where pleadings raised legal issue and made it action for recovery of realty, finding of trial Judge, approving master's report, is conclusive if there is any evidence to sustain it.

2. DOWER—RIGHT OF WIFE—CONVEYANCE BY HUSBAND.—Where legal title to land was at one time in husband during coverture, dower right of wife attached, and she is entitled thereto despite conveyance, in absence of any fact on her part defeating her claim.

3. DOWER—ACTION TO RECOVER REALTY—ADMEASUREMENT.—In action for partition, made action for recovery of realty by pleadings, where all parties interested are before Court, dower of wife of one in chain of title can be admeasured.

Before PEURIFOY, J., Oconee, Spring term, 1918.    Modified and affirmed.

Action by J. M. Watkins and others against W. M. Justice and others.    From judgment for plaintiff, defendants appeal.

*Mr. J. R. Earle,* for appellants.

*Messrs. Stribling & Dendy,* for respondents, submit: *First exception is too general to merit the consideration of the Court:* 96 S. E. 290.    *A party appealing from an adverse judgment on findings of fact by the master, who had the wit-*

*nesses before him, and saw and heard them, concurred in by the Circuit Judge, must satisfy the Supreme Court by a preponderance of the evidence that the findings are erroneous, or the judgment will not be reversed:* 103 S. C. 307; 100 S. C. 324; 101 S. C. 381; 101 S. C. 362; 101 S. C. 462. *The plea of purchase for valuable consideration without notice is a question of fact, and the conclusions of fact reached by the Circuit Judge, from a consideration of the testimony, must be sustained unless without evidence to support it or manifestly against the weight of the evidence:* 34 S. C. 559; 101 S. C. 429; 96 S. E. 255. *Celia Watkins cannot participate in this partition suit as an heir of John Watkins, and after starting suit and learning that he has already conveyed his interest and then in the same fall back upon her claim of dower:* 82 S. C. 4.

February 6, 1919.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an action for partition of two tracts of land, one containing 135 acres, known as the Thomas Watkins home place, and the other containing 5 acres, known as the Eliza Watkins place. The plaintiffs allege that they, with the defendants, except W. M. Justice, are tenants in common in these lands, and ask for partition, and demand accounting from Sarah Watkins, defendant, in possession, for rents and profits. J. M. Watkins claims also to own in his own right the share of Nisea Watkins. Defendants deny that plaintiff's have any right on the 135-acre tract, and allege that Sarah Watkins is the sole owner of the same. After issue joined the cause was referred to the master to hear and determine all issues of law and fact, and report the same. The master made his report, wherein he found that W. M. Justice owned in fee the 135-acre tract, by virtue of a deed of conveyance executed and delivered to him. Since the commencement of this action, by Sarah Watkins, and that the 5-acre tract

Rep.]                    April Term, 1919.

was subject to partition amongst the heirs at law of Eliza Watkins, deceased, and recommended a sale thereof for partition. He further found that J. M. Watkins was not an innocent purchaser for value without notice of the share of Nisea Watkins, but found that she had conveyed her interest prior to Sarah Watkins.

After the master had filed his report exceptions were duly filed and the cause was heard by his Honor, Judge Peurifoy, who, by his decree filed April 26, 1918, overruled all exceptions, and approved and confirmed said report of said master. After entry of judgment, appellants appeal, and by four exceptions impute error.

All of the exceptions are overruled except exception 4, for the reason that the pleadings raised a legal issue, and made it an action for the recovery of real estate, and the finding of the Circuit Judge is conclusive, if there is any evidence to sustain his finding, and there is. In addition to this we have the concurring finding of the master and Circuit Judge, and the appellants fail to satisfy this Court that the finding is against the preponderance of the evidence.

So much of exception 4 as raises the point that Celia Watkins, the widow of John Watkins, is barred of dower, according to the finding of the Circuit Court, must be reversed. The record shows that the legal title to land conveyed was at one time in John Watkins during coverture with Celia, and the dower right of Celia attached therein, and the record fails to disclose any fact on her part that would defeat her claim thereto.

All of the parties being before the Court, her dower can be admeasured in this proceeding. With this modification as to dower, the judgment of Circuit Court is affirmed.

Modified.