May 14, 1923. The opinion of the Court was delivered by
This is an appeal from orders of Hon. W.H. Townsend, Circuit Judge, dated June 12, 1922, and July 5, 1922, refusing the petitioner's demand for dower in the proceeds of the sale of certain property sold under the decree of Judge Peurifoy in the main cause, dated April 7, 1922.
The proceedings in the main cause have so fully been detailed in the opinion of the writer filed in the matter ofEx Parte Columbia Savings Bank Trust Co. and NicholsonBank Trust Co., 118 S.E. ___, at this term, that a repetition thereof is unnecessary. The statement therein is to be deemed incorporated in this opinion.
The following statement applicable to this controversy is added:
On June 7, 1922, Mrs. Clark presented her petition in the main cause, asking to have her dower allotted from the surplus proceeds of sale, after paying prior liens. Upon the petition, an order to show cause and a temporary restraining *Page 37 
order were issued. Counsel for the plaintiff in the main cause then gave notice of a motion to vacate the temporary restraining order, on grounds set forth. Upon hearing the motion, on June 12, 1922, Judge Townsend passed an order vacating the restraining order and refusing the claim for dower. At the time of the application of the Columbia Savings Bank Trust Company and Nicholson Bank Trust Company to be made parties, as detailed in the statement referring to those petitioners, Mrs. Clark renewed her petition for dower. In the order of Judge Townsend dealing with those petitions, dated July 5, 1922, the petition of Mrs. Clark was refused.
From both of these orders Mrs. Clark has appealed.
It appears that Mrs. Clark duly renounced her dower in the deed from Washington Clark to Washington Realty Company, which was set aside by the decree of Judge Peurifoy, dated April 7, 1922, and in the mortgages now claimed by Columbia Theological Seminary, Mary Etta C. Clark, assignee of Elizabeth C. Melton, and Carolina National Bank, assignee of Mary C. Brockman.
The deed from Washington Clark to Washington Realty Company having been declared void, the renunciation of dower thereupon by Mrs. Clark is an if it had never been executed, under the well-established rule that when a voluntary deed has been set aside, the wife's dower exists (even if she had joined in the deed) just as if no such deed had been executed. 1 Tiffany, Real Pr. (2d Ed.), 781; Bigelow, Fraud. Conv., 60, 496; Scribner on Dower (2d Ed.), 639; 1 Minor, Real Pr., § 314; Callahan v. Robinson,30 S.C. 254; 9 S.E., 120; 3 L.R.A., 497. Watson v.Cox, 117 S.C. 34; 108 S.E., 168; 9 R.C.L., 584.Matthews v. Thompson, 186 Mass. 14; 71 N.E., 93; 66 L.R.A., 421; 104 Am. St. Rep., 550.
It is equally well established that where a wife has renounced her dower upon a mortgage executed by her husband, upon a foreclosure of the mortgage after *Page 38 
the husband's death, the widow is entitled to dower in the surplus proceeds of the sale over and above the mortgage debt and costs. Geiger v. Geiger, 57 S.C. 527;35 S.E., 1031. Grube v. Liliental, 51 S.C. 448; 29 S.E., 230.Miller v. Bank, 49 S.C. 436; 27 S.E., 514; 61 Am. St. Rep., 821; 9 R.C.L., 581; 1 Tiff., R.P. (2d Ed.), 742; 4 Kent's Com. (14th Ed.), 44. Keith v. Trappier, Bail. Eq., 63. Brown v. Duncan, 4 McCord, 346. Tibbetts v.Langley, 12 S.C. 472.
The question whether, in awarding dower in the surplus, it should be estimated upon the basis of the sale price or only in the surplus, has not been suggested and is not decided.
In the main cause Mrs. Clark was made a party. She made common cause with the realty company in the attempt to sustain the validity of the deed which was under fire. As a mortgage creditor she set up her claims under the Melton mortgage which had been assigned to her and under the mortgage which had been executed to her. She set up in that proceeding no claim of dower.
After the deed had been declared void, the property ordered sold under a decree fixing the priorities of the lien creditors, and the sale actually had, the proceeds, however, not having been distributed, she interposes her claim to dower in the surplus proceeds of sale after paying the mortgages upon which she had renounced dower.
The Circuit Judge held that —
"In order to affect these creditors of the estate the petitioner should have presented her claim for dower, while the questions as to the amounts due these creditors, their respective priorities, and rights of the petitioner as the widow of the late Washington Clark were being considered (Watkins v. Justice, 112 S.C. 331; 98 S.E., 193), and before the final judgment on the rights of such parties was rendered April 7, 1922; I do not think the petition *Page 39 
states sufficient grounds upon which to open or set aside or modify that judgment, and all questions which should have been raised under it are res judicata (Haddon v. Lenhardt,54 S.C. 88; 31 S.E., 883. Weathersbee v. Weathersbee,82 S.C. 4; 62 S.E., 838."
And later upon her petition to be allowed to set up her claim of dower against certain judgment creditors who were allowed to intervene, he refused the petition, holding:
"It is ordered that the motion of counsel for Mrs. Clark be refused on the ground that her application for dower comes too late, and is barred by the judgment heretofore rendered."
So that the question for determination is, as expressed by the counsel for Mrs. Clark:
"As to whether or not Mrs. Clark was entitled to dower in the proceeds of the sale; whether or not she had been guilty of laches or other conduct barring her or her right; and whether the Court erred in refusing to reopen the case and permit her to set up this claim."
When the complaint in the main cause was served upon her, she, in answering, had the choice of acknowledging the alleged fraudulent conduct on the part of her husband and setting up her claim of dower, or of protecting his good name as far as she could. She chose the latter course, and was doubtless influenced by the further consideration that she held a note of $7,000.00 against her husband, the only security to which was a certificate of certain shares of stock in the Washington Realty Company, which would be absolutely worthless upon the success of the attack upon its only assets. As the Special Referee reported:
"There is not any question in my mind as to the bona fides
of Mrs. Clark's claim, and it is unfortunate, in the view I take of the case, that the security which she holds in the shape of these 248 shares of stock must apparently be worthless, *Page 40 
for while she still holds the stock, the setting aside of the conveyance will destroy its value."
There is no doubt but that Mrs. Clark would have been decreed dower in the surplus proceeds if she had set it up before the judgment and decree of Judge Peurifoy of April 7, 1922. It is certain then that the right at one time existed.
The question is not one of res adjudicata, for, however solemn and final the decree of Judge Peurifoy may have been, it is susceptible of being opened and corrected upon a proper showing.
Nor is it one of intervention, which has been discussed in the companion case above referred to, for Mrs. Clark was a party to the main cause.
Nor is it one of estoppel, for it does not appear that any one has been placed in a worse plight by her failure to set up her claim earlier.
Nor is it one of election of remedies, as discussed in the case of McMahan v. McMahon, 122 S.C. 336;115 S.E., 293. If the main cause had proceeded to final judgment unappealed from and the proceeding for dower had been a separate one, perhaps Mrs. Clark would have been held to her election. But here there is practically an attack upon that very judgment in the effort to reopen the decree for the benefit of the dower claim.
The question is simply whether or not Mrs. Clark has shown a sufficient case of "mistake, inadvertence, surprise or excusable neglect" to justify the Court in opening the decree of Judge Peurifoy so as to allow her now to set up what must be conceded to have been, at one time at least, a valid claim.
Ordinarily, such motions are addressed to the discretion of the Court and will not be reviewed in the absence of a showing of abuse of discretion or an error of law influencing its exercise. *Page 41 
Here, the ruling of the Circuit Judge that the matter was one of res adjudicata was clearly erroneous, and brings the case within the exception indicated. If that ruling be correct, every judgment sought to be reopened upon the plainest statutory grounds would be immune from attack.
This case is close to the border line, but where the existence of a valuable right plainly appears and the condition of the party is deplorable, ignorant of her rights, and anxious to protect those she knows of, when the latter are denied, the Court will not enforce a Procrustean rule that works a hardship and its order deprives no opposing parties of their legal rights.
The demandant was a widow, her husband had recently died, and his affairs were in a hopeless tangle. Her knowledge of the corporate affairs was necessarily limited. She could not claim dower in the property as long as the deed with her renunciation of dower stood. She was interested in sustaining the deed so that the collateral of stock could be protected. The deed was not void, but only voidable, and her dower really did not attach until the deed had been declared void by the decree. She moved immediately thereafter.
Under these circumstances, the relief should have been granted.
The judgment of this Court is that the orders appealed from be reversed.
MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and MARION concur.
MR. JUSTICE FRASER: In view of the judgment in the other case I concur. *Page 42