## 11660

### EX PARTE CLARK
### TURNER ET AL. v. WASHINGTON REALTY CO ET AL.

#### (126 S. E., 137)

1. DOWER—IS HIGHLY FAVORED RIGHT.—Dower is a highly favored right.

2. DOWER—WIDOW IN CLAIM FOR DOWER HAD ESTATE APART FROM THAT OF DECEASED HUSBAND.—Surviving wife in her claim for dower had an estate outside and apart from the estate of her deceased husband.

3. DOWER—WIDOW ENTITLED TO HAVE DOWER EXONERATED OUT OF PERSONAL ESTATE.—Widow is entitled to have dower exonerated out of personal estate.

4. DOWER—HUSBAND CAN DO NOTHING TO DEPRIVE WIDOW OF RIGHT OF DOWER.—Husband can do nothing which will deprive widow of her right to dower.

5. DOWER—WIDOW CANNOT CLAIM DOWER RIGHTS AS TO HOLDERS OF MORTGAGES IN WHICH SHE HAS RENOUNCED DOWER.—Widow cannot claim dower rights as to holders of mortgages in which she has renounced dower.

6. DOWER—WIDOW ENTITLED, AS DOWER, TO ONE-SIXTH OF PRICE OF LAND SOLD FOR HUSBAND'S DEBTS, AND NOT MERELY SUCH PORTION OF SURPLUS AFTER DEDUCTION OF FACE MORTGAGE.—Surviving wife was entitled, as dower, to one-sixth of entire sale price of land sold for payment of husband's debts, and not merely one-sixth of surplus after deducting face of mortgage in execution of which wife had joined with husband.

7. DOWER—WIDOW'S SALE OF MORTGAGE, GIVEN HER BY HUSBAND AFTER SHE HAD FILED CLAIM FOR DOWER, DID NOT ESTOP HER FROM CLAIMING DOWER.—Widow's sale of mortgage, given her by deceased husband, containing no renunciation of dower, after she had filed and presented claim for dower, did not estop her from claiming dower.

8. DOWER—WIDOW NOT REQUIRED TO GIVE NOTICE OF HER CLAIM.— Widow is not required to give note of her claim of dower.

9. DOWER—CAN BE RENOUNCED ONLY IN MANNER PROVIDED BY STATUTE. —Dower can only be renounced in the manner provided by statute.

Before TOWNSEND, J., Richland, June, 1924. Reversed.

Action by John Trezevant Turner and others, executors of J. E. Turner, deceased, against the Washington Realty Company and others, in which Mary Etta C. Clark filed a petition for allotment of dower in real estate involved in the action. From order making allotment, petitioner and plaintiffs appeal.

See, also, 125 S. C., 34; 118 S. E., 27; 125 S. C., 109; 118 S. E., 30; 126 S. C., 378; 120 S. E., 371; 128 S. C., 271; 122 S. E., 768.

. *Messrs. D.. W. Robinson* and *D. W. Robinson, Jr.,* for appellant-respondent, cite: *Dower is a highly favored right:* 9 R. C. L., 562; 4 Rich. Eq., 139; 12 S. C., 483; 16 S. C., 99; 29 S. C., 507; 1 L. Ed., 203; 49 S. E., 980; 40 L. R. A. (N. S.), 612. *Tiffany on Real Prop.* (2nd Ed.), 806; 11

S. C. Eq., 252. *Right to have mortgage debt paid out of personal estate:* 30 S. C. Eq.,513; 34 S. C., 376. 1 *Jones on Mort.* (7th. Ed.),,156; 86 S. E., 307; 69 N. C., 68; 31 S. C. Eq., 287; 27 S. C., 574. *Schouler on Marriage, etc.,* (6th. Ed.), Vol. 2, 1665-9. *Right of dower cannot be barred by husband:* 117 S. C., 34; 102 S. C., 209; 51 S. C., 448; 9 R. C. L., 584. *Dower not in privity with husband:* 25 S. C. Eq., 140; 63 S. C., 129; 49 S. C., 436. *Renunciation of dower as security:* 15 S. C. L., 351; 12 A. L. R., 1341. *Equity of redemption in surplus over mortgage:* 63 S. C., 162. 1 Tiffany Real Prop. (2nd. Ed.), 740; 1st. Scribner on Dower, 530; 15 A. S. R., 627; 12 A. L. R., 1341 and Note 1359; 103 N. C., 293; 87 N. C., 93; 92 N. C., 67. *Renunciation of dower:* 8 S. C. Eq., 63; 8 S. C. Eq., 271; 87 S. C., 54; 52 S. C., 108; 48 S. C., 467; 53 S. C., 5. *In manner provided by statute:* 52 S. C., 108; 16 S. C., 99; 29 S. C., 507. *Estoppel:* 68 L. R. A., 867; 106 A. S. R., 903 and note; 17 L. Ed., 781; Rose's note., 837. *Notice of dower:* 49 S. C., 432. *Proper parties:* 72 S. C., 578; 55 S. C., 275; 58 S. C., 580; Code 1922, Vol. 2, Sec. 364. *Further answer or defense:* 42 S. C., 389; 60 S. C., 484. *Time for winding up estate:* Code 1922, Vol. 3, Sec., 5407; 44 S. C., 390. *Res adjudicata:* 29 S. C., 507; 34 S. C., 191p; 104 S. C., 390; 125 S. C., 67; 124 S. E., 504; 122 S. E., 400. *Jurisdiction of Court:* 57 S. C., 521; 20 S. C., 501p; 83 S. C., 162; Const. 1895, Art. 5, Sec. 15; 112 S. C., 331; 55 N. C., 359. *Election:* 45 S. C., 94; 44 S. C. L., 159. *Merger:* 10 R. C. L., 668; 103 A. S. R., 452; Note 94 A. S. R., 156. *Homestead:* 22 S. C., 312; 74 S. C., 545; 54 S. C., 213; 45 S. C., 54; 49 S. C., 54.

*Messrs. A. F. Spigner* and *James S. Verner,* for respondents-appellants, cite: *Dower:* 94 S. C., 493; 57 S. C., 523; 2 Hill Eq., 252; 2 McC. Eq., 553; 24 S. C., 100; 1 Rich Eq., 513. *As to surplus over mortgage:* 88 S. C., 286; 17 S. C., 386; 18 S. C., 423. *Renunciation of:* 63 S. C., 129; 4 Rich., 516. *As to suretyship doctrine:* Note 12 A. L. R.,

1343; 11 S. E., 160; 94 Ky., 458; 151 Ky., 356; 5 L. R. A., 519; 31 Md., 320; 46 N. J. Eq., 144; 9 N. Y., 200; 10 N. Y., 158. *As to estoppel:* Const., 1868; 45 S. C., 651. *Dictum:* 14 Cyc., 286.

January 13, 1925.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This case has been before this Court several times. The present case is an appeal from the order as to the allotment of dower made by Circuit Judge Townsend.

Both the plaintiffs and Mrs. Clark appealed from this order, but at the hearing it was announced that all the exceptions of the plaintiffs were withdrawn, and that only the exceptions of Mrs. Clark were to be considered and decided by the Court.

The questions presented by Mrs. Clark's exceptions are: First. Is Mrs. Clark's dower to be one-sixth of the surplus after deducting the face of the mortgage, or is it to be one-sixth of the entire sale price? Second. Is Mrs. Clark estopped to claim dower on the $7,000 mortgage to her?

There is no question but that dower is a highly favored right; there are decisions from different States to this effect as well as from this State.

The practical effect of the present case is a contest between creditors and the widow; she is claiming her dower out of the proceeds of real estate sold for the payment of debts. *Grube v. Lilienthal,* 51 S. C., 442, 29 S. E., 230, decided, as has been held frequently before and since, that, where a married woman renounces her dower, she has no right in the balance of the proceeds of sale, where the foreclosure and sale are made in her husband's lifetime. Her inchoate right of dower will not be protected in the lifetime of her husband. In that respect our law differs from that of Ohio, as will be readily seen by reference to *Mandel v. McClave,* 46 Ohio St., 407; 22 N. E., 290; 5 L. R. A., 519; 15 Am St. Rep., 627

In the *Grube Case* Circuit Judge Gary says, at page 446 (29 S. E., 231):

"It must be remembered that the mortgagor, Mr. Lilienthal, is living. * * * The husband living, the wife's dower is an inchoate right. It would be impracticable to set aside a portion of the surplus and to keep it as a sort of trust estate, unknown to the law, upon the contingency of the wife's surviving the husband."

But again, at pages 447, 448 (29 S. E., 231, 232), the same Judge, speaking, says:

"Of course, the renunciation of dower only inures to the benefit of the mortgage upon which she renounced, and, if the mortgage be satisfied, the dower revives. In such case it is the same as if the mortgage had never existed, and cases cited on that subject have no application. * * * Of course, a very different status is presented if the foreclosure takes place after the death of the husband, and when thereby the wife's right is no longer inchoate, but has become vested."

The case of *Miller v. Bank,* 49 S. C., 427; 27 S. E., 514; 61 Am. St. Rep., 821, cited by counsel, was likewise a foreclosure in the lifetime of the husband, and the same principles were held by Circuit Judge Watts and by Mr. Justice (now Chief Justice) Gary. This was a contest with the purchaser who had bought at a foreclosure sale in which there were some mortgages on which no dower was renounced, and one on which dower was renounced, and the Court held that the purchaser obtained a good title, and that "whatever rights she [the widow] may have are transferred to the surplus proceeds of sale after payment of the incumbrances." And in that case there was not only no surplus, but an actual deficiency, and her husband was living. In *Moon v. Bruce,* 63 S. C., 129; 40 S. E., 1031, this Court says:

"The claim of dower did not and never could exist against A. H. Moon, her husband, since it could not arise until his death, nor could such claim ever exist against the

heirs, executors and administrators of A. H. Moon as such. Such cause of action depending upon coverture, seizin and death of the husband before the wife, is not against the husband's heirs, executors or administrators as such, but against the party in possession."

In *Cunningham v. Shannon*, 4 Rich. Eq., 140, it is said by the Court:

"Dower is a right, which, inchoate during the coverture, becomes absolutely vested in the wife as an estate, on the death of her husband; and is as much beyond his control or power of disposition as her own inheritance."

See, also, *Tibbetts v. Langley*, 12 S. C., 481. *Lewis v. Lewis*, 5 Rich. 12.

After Clark's death, his widow in her claim for dower had an estate outside and apart from the estate of her deceased husband. *Geiger v. Geiger*, 57 S. C., 525; 35 S. E., 1031.

As to the law in reference to the right of dower of a widow who has renounced on a mortgage, Judge O'Neall says in *Klinck v. Keckley*, 2 Hill Eq., 252:

"Under this provision, the mortgagees were entitled in their order to be paid out of the personal estate; and, if they had attempted to collect their debts by a sale of the real estate under a decree of the foreclosure, I think the widow would have been entitled to the application of the personal assets in exoneration of the land; for the other creditors have no right, either in law or equity, to the aid of her dower for the payment of their debts. According to the common law, dower is preferred to purchasers or creditors. The latter are not prejudiced by allowing the dower; it neither increases nor diminishes the fund, out of which they had a right to expect payment—the intestate's real and personal estate, for the widow's dower is no part thereof. But I have said that the renunciation of dower cannot have effect beyond the estate conveyed. When that ceases, the renunciation must also cease. The deed of a

feme covert executed under and agreeable to law ought to be strictly construed so as not to deprive her of any right beyond that actually conveyed. Here the legal effect of her renunciation must be controlled by the terms of the deed on which it is made, to which it has reference, and of which it is a part. That sets apart the land to secure the payment of a debt; the dower is forever renounced if the land is sold under the mortgage to pay that debt. This makes the renunciation in the nature of a collateral mortgage. If the husband's mortgage is not foreclosed, the wife is most clearly not barred of her dower; she could demand it of any one except the mortgagee, and no one but the mortgagee could plead her renunciation in bar to her demand. When the mortgage is paid off by the assets of the husband, none of his creditors have any equity to set it up against the wife, for she has generally a prior equity to be allowed her dower, and in this case there is nothing to take it out of the general rule, for the legal effect of her renunciation is removed, and when that is done, she stands as if she had never renounced her dower."

The widow is also entitled to have her dower exonerated out of the personal estate. *Wilson v. McConnell's Adm'rs,* 9 Rich. Eq., 513. *Henagan v. Harlle,* 10 Rich. Eq., 287. *Klinck v. Keckley,* 2 Hill Eq., 252. *Ebaugh v. Mullinax,* 34 S. C., 376; 13 S. E., 613. *Agnew v. Renwick,* 27 S. C., 574; 4 S. E., 223.

The husband can do nothing which will bar or preclude the widow of this right of dower; dower not in privity with the husband. *Miller v. Bank,* 49 S. C., 436; 27 S. E., 514; 61 Am. St. Rep., 821. Unquestionably under our authorities the widow cannot claim any dower rights as to the holders of the mortgages on which she has renounced dower.

We are of the opinion that Mrs. Clark is entitled to dower to one-sixth of the entire sale price. While we have no express authority from this State decisive

of this question, we do not think *Geiger v. Geiger, supra,* sustains Judge Townsend's finding. In *Moon v. Bruce,* 63 S. C., 129; 40 S. E., 1031, Mr. Justice Jones says:

"The claim of dower did not and never could exist against A. H. Moon, her husband, since it could not arise until his death, nor could such claim ever exist against the heirs, executors and administrators of A. H. Moon as such. Such cause of action depending upon coverture, seizin and death of the husband before the wife, is not against the husband's heirs, executors or administrators as such, but against the party in possession."

In *Mandel v. McClave,* 46 Ohio St., 407; 22 N. E., 290; 5 L. R. A., 519; 15 Am. St. Rep., 627, we find:

"McClave concedes that the wife is entitled to be endowed of the proceeds of the equity of redemption, while she claims the right to be endowed of the entire proceeds of the land, to be paid, however, out of the proceeds of the equity of redemption."

And again:

"What, then, is the effect of her release of this right by joining with her husband in a mortgage to secure his debt? Does it inure to the benefit of other persons who are strangers to the deed, or is its operation restricted to the grantee and his privies? This latter view we think the more reasonable; it accords more nearly with the probable intention of the parties to the instrument; there is no ground to assert that the mortgagee was contracting for the benefit of any one but himself; there is nothing in the nature of the transaction from which it can be inferred that a wife, by joining with her husband in a mortgage of his lands to secure his debt, intends more than to pledge her contingent right of dower for that particular debt; nor is there, in the terms of the instrument itself, any language importing such intent."

And again:

"If the plaintiff in error had been seized of a separate

estate, and it had been pledged, together with the husband's property, for the payment of his debt, there can be no doubt that his property would be primarily liable for its payment. As between each other he would be the principal and she his surety. We think the same principle should be applied to her contingent right of dower. It is property; its value can be ascertained. More than this, it is a favorite of the law. (See authorities collected in American & English Encyclopedia of Law, vol. 5, p. 885, note.)

"It is a provision for her support, and when she pledges it for her husband's debt, by joining in a mortgage with him, the most obvious principles of natural justice require that this benevolent provision of the law should not be touched until the husband's interest has been first exhausted. She is a purchaser. The inception of her right was earlier than that of the creditors; it began with the marriage and seizin of the husband; theirs began when the debt was contracted, but only became a lien from the recovery of the judgment against the husband. This favorite of the law is entitled to protection equal to that accorded to her other property."

In *Creecy v. Pearce,* 69 N .C., 69, we find, in the opinion by Chief Justice Pearson:

"A widow as against the legatees or distributees has an equity for exoneration, that is, to have a debt of her husband, which is a charge upon the land, paid out of the personal estate, it being the primary fund for the payment of debts. So a widow as against the devisees or heirs has an equity for exoneration." *Carson v. Cooper,* 63 N. C. Rep., 386. *Smith v. Gilmer,* 64 N. C. Rep., 546.

"In this case the question is in regard to the right of the widow as against creditors of her husband. But for the mortgage on the land to secure the debt due to Roberts, the right of dower has priority over creditors in respect to the real estate. Suppose the widow relieves the land from this incumbrance, and take an assignment of the Roberts

debt, she then stands in his shoes, and has a right to have the land sold, and proceeds of sale applied for the exoneration of her right to dower. This is clear, and there is no difficulty in respect to the land. * * *

"The judgment in the Court below will be modified so as to direct a sale of the two-thirds of the land not embraced by the dower, and the reversion in the other third, the proceeds of sale to be applied to the Roberts debt, and the residue of the Roberts debt to be paid ratably out of the personal estate in the course of administration, and, if there be still any part of the Roberts debt unsatisfied, it will be a charge on the dower land."

We do not think that the appellant is estopped in her claim of dower that Turner purchased the mortgage given by her husband to her for $7,000; this mortgage contained no renunciation of dower by Mrs. Clark. Turner purchased the mortgage after Mrs. Clark had filed and presented her claim for dower, and the law does not require a widow to give notice of her claim of dower. *Miller v. Bank,* 49 S. C., 432; 27 S. E., 514; 61 Am. St. Rep., 821.

Dower can only be renounced in the manner provided by statute. *Townsend v. Brown,* 16 S. C., 99. *Jeffries v. Allen,* 29 S. C., 507; 7 S. E., 828. *McKenzie v. Sifford,* 52 S. C., 108; 29 S. E., 388. *Brown v. Pechman,* 53 S. C., 4; 30 S. E., 586. *Moon v. Bruce,* 63 S. C., 129; 40 S. E., 1030. *Drury v. Foster,* 69 U. S. (2 Wall.), 34; 17 L. Ed., 780. Park on Dower, 5. *Rannells v. Gerner,* 80 Mo., 474. Herman on Estoppel, § 581. *Lowell v. Daniels,* 2 Gray (Mass.), 161; 61 Am. Dec., 448.

The appellants' exceptions are sustained and order appealed from reversed.

MESSRS. JUSTICES FRASER and COTHRAN concur.

MR. JUSTICE MARION dissents.

MR. CHIEF JUSTICE GARY did not participate.